BERRY vs. St. FRANCOIS COUNTY.

1. Where a prisoner is conveyed from one county to another on a change of venue, in a criminal case, the latter county is bound for the cost of the prosecution which may be taxable against a county, in the same manner as if the cause had originated in such county.

2. Where guards are summoned for the safe keeping of a prisoner confined in jail, the county court has no power to refuse to allow the costs, for the reason that the jail was sufficient. The law vests the direction of employing guards in certain officers, and their discretion cannot be questioned by another tribunal.

APPEAL from St. Francois.

COLE, for the Appellant.

SCOTT, J., delivered the opinion of the court.

John Layton was indicted for murder in the county of Perry, and afterwards the cause was removed, by a change of venue, to the county of St. Francois. Whilst Layton was confined in the jail of St. Francois county, a guard was employed for his safe keeping. Layton was convicted and executed. The account of the guard was allowed by the circuit court of St. Francois county, but upon the presentation of it to the county court of that county, its payment was refused. On proceedings on mandamus, the circuit court sustained the judgment of the county court, and Berry has brought his cause to this court.

It seems that the grounds assumed by the county court for refusing to pay the demand, were, that the county of Perry and not St. Francois county, was laible for the expense of the guard, and that the jail of St. Francois county was sufficient.

The question to be determined first, is which of the two counties is liable to the expense of the guard? The law makes it the duty of each county in this State to build, and keep in repair, a good and sufficient jail. Whenever any expense is incurred in consequence of there being an insufficient jail in a county, that is a county and not a State burden. The law making it the duty of every county to build a jail, some counties have incurred that expense, and it would be manifest injustice to those counties which have built jails, to take the common funds and apply them to the payment of expenses incurred by the neglect of a county to build and keep in repair a sufficient jail. The object of the law in requiring a jail to be built, is, that there may be a place of confinement whenever imprisonment is imposed on an individual. Counties are to keep jails for the confinement not only of those who commit offences within their respective limits, but for the imprisonment of all those who are detained by authority of law within their several boundaries. When a cause is removed from one county to another, by a change of venue, it is as much a cause of the county to which it is removed, (so far as the present question is involved,) as if the indictment had been found in it; and there is as much justice and propriety in making the latter county pay the expense of a guard as if the offence had been committed within its limits. The county to which a cause is removed to-day, may in its turn to-morrow send a cause to the county from which one has been received. The injustice in making the county of Perry liable, is obvious. That county may have had a jail entirely safe; the cause is removed from it without its consent, and without its fault, yet it is to be mulcted with the expense of a guard, merely be-

cause the offence was committed within its limits, when that offence may have been perpetrated by an inhabitant of the county to which the cause is removed. Perry county then is not liable for these costs, and we have seen that the State cannot be, under any circumstances. St. Francois county then must be. In forming this opinion, the case of the county of Perry vs. John Logan, has not been overlooked. In that case it does not appear whether the prisoner was removed from one county to another for safe keeping only, or by a change of venue. If for the former cause, we should be loath to hold, that the county to which he. is removed would be liable for the expense of a guard, (if such a case would occur.) If for the latter, then we are clearly of the opinion, that the county to which the cause is sent, is liable for the expense. 4 Mo. R. 433. The State vs. Hinckson, 7 Mo. R. 353.

As to the objection that the jail of the county of St. Francois was sufficient, we are of opinion that such an inquiry is precluded from the examination of the county court. The law entrusts a discretion to certain officers to authorize the employment of a guard, under particular circumstances; when that discretion is exercised, and the expenses of a guard have been incurred on the faith of an order of those officers, the propriety of the exercise of that discretion cannot be questioned by another tribunal.

The judgment will be reversed and the cause remanded, the other Judges concurring.