THE STATE, use of Blanton's Adm'r. vs. HUNTER et al.

The principle of the common law, which entitled an administrator *de bonis non* to those goods only which remained in specie, and not administered on by the first administrator, is abolished by the system of administration introduced in this State.

Error to Andrew Circuit Court.

Vories, for plaintiff in error.

The court below erred in sustaining the demurrer in this case and rendering judgment in favor of defendants. Our statute having made it the duty of an administrator, upon the revocation of his letters of administration, to deliver over to his successor all of the goods and chattels, rights of action and effects to his successor in office, a failure to do so is a breach of his bond, for which breach the statute expressly gives a right of action in favor of the administrator de bonis non, against the former administrator and his securities, not only for chattels remaining in specie, but for what he may appear to be in arrears to said estate on settlement. Revised statutes, 1st article of the law concerning administrators, secs. 44, 45 and 46; 2nd art. sec. 22.

The statute gives the action to an administrator de bonis non to pevent a multiplicity of suits that would have to be brought by every creditor who had a claim against the deceased, (no matter how small) if the law should be construed in favor of the defendants.

This court, in the case of Darland, &c., vs. John Parker et al. 9 Mo. R. 356, has decided the very question arising in this case, upon a demurrer to breaches assigned in a declaration, which were precisely, so far as the point in this case is concerned, like the breaches stated in the petition in this case. The petition in this case states, that Blanton (the former administrator) had a large amount of the goods, chattels and effects in his hands, when his letters were revoked, which he refused to deliver to his successor. In the case above referred to, the breach is the same. Gamble, &c., vs. Hamilton et al. 7 Mo. Rep. 469; Judge of Probate vs. Haydock, 8 New Hampshire Rep. 491; Judge of Probate vs. Williams et al.; 9 Metcalf Rep. 525 and 529.

The State, to use of Blanton's adm'r. vs. Hunter et al.

A. LEONARD, for defendants in error.

1. No one can maintain an action upon an administrators bond, without showing an interest in the performance of the duty, for the violation of which this suit is brought.

2 The administrator de bonis non is entitled to all the effects of the State, remaining in specie in the hands of the original administrator, undisposed of at the time his title is extinguished by the revocation of his letters, and to none other; and it is now respectfully submitted that our statute, (title "Administration," 1 art. sec. 44) does not extend the rights of the administrator de bonis non, but leaves them just where it found them at common law. He is still only administrator de bonis non, and does not become general administrator, with the power of calling his predecessor to an account for the manner in which he has discharged his duties. The words of the statute are satisfied by subjecting the first administrator to an account for what remains in specie in his hands unadministered, and to the duty of delivering these effects to his successor. To give them the effect now suggested, is to extinguish all right in the creditors legatees and distributees, sue on the bond for breaches of duty in which they are respectively interested; for the first administrator cannot be liable to them for injury to their rights, if he is liable to his successor for the same omissions of duty. 3 Bac. Abr., title "Executors and Administrators," letter B., p. 20; Tingey vs. Brown. I Bos. and Pull. 310, Salk. 306; Barker vs. Talcott, 1 Vernon, 473.

3. This complaint, instead of showing affirmatively any property remaining in specie in the hands of the original administrator, undisposed of at the time his letters were revoked, shows the very reverse; that while he was in the administration, he converted the effects to his own use, and although this act, as well as his omission to make annual settlement, is a breach of his official duty, neither of them are breaches of duty that affect the rights of the present plaintiff, and of course he cannot make them the ground of legal complaint.

SCOTT, J., delivered the opinion of the court.

This was an action by B. Stanton, administrator de bonis non of Joel Blanton, deceased, against Isaac Blanton, former administrator of said Joel Blanton and his securities, on their bond. The main breach alleged is, that while said Isaac Blanton was administrator as aforesaid, he received the sum of $895 as assets, and that his letters were subsequently revoked, and that he failed to account for said sum, but converted it to his own use. A demurrer to this declaration being sustained, the case was brought here by writ of error.

It is obvious that the principle of the common law, which entitled an administrator de bonis non, to those goods only which remained in specie, and not administered on by the first administrator, is abolished by the system of administration introduced in this State. If an administrator de bonis non, could not sue on the bond of the former administrator, our administration law, so far as it respects the payment of debts and distributions, would be entirely overthrown. How could there be an apportionment of the assets among creditors in the same degree, if one creditor was allowed to sue on the bond of the first administrator

and recover his entire debt?   The view of the court below, that an administrator de bonis non could not sue on the bond of a former administrator, was clearly erroneous.   When there are debts to pay, he would seem to be the only person that could sue.   This question has been formerly determined by this court.   State, to the use of Darland, vs. Porter et al. 9 Mo. Rep. 356.

The other judges concurring, the judgment of the court below will be reversed and the cause remanded.