State ex rel. Collins et al. v. Dulle et al.

---

STATE *ex rel.* COLLINS, KELLOGG & KIRBY, Plaintiffs in Error, *v.* G. H. DULLE *et al.*, Defendants in Error.

1. *Administrator — Bond of — Suit on — Allegations — Breaches — Verdict, arrest of.*—In a suit on an administrator's bond, where the petitioner set out several distinct breaches, a verdict for an entire and gross sum is erroneous, and furnishes a sufficient ground for arrest of judgment, on motion.

2. *Administrator de bonis non — Must sue for the assets — Creditors can not sue for them.*— When an administrator dies, the administrator *de bonis non* is the proper person to sue for the assets belonging to the estate, and a creditor of the estate will not be permitted to sue for his entire debt on the bond of the deceased administrator. Such a course would lead to confusion, and destroy and practically annul the statutory provisions concerning priorities and classifications.

*Error to First District Court.*

*Ewing & Smith*, and *G. F. White*, for plaintiffs in error.

I. Any one injured may sue on the bond for waste. (Gen. Stat. 1865, p. 531, § 9; Oliver v. Crawford, 1 Mo. 188; State v. Chouteau, 1 Mo. 524–8; 3 Mo. 127; Morrison v. St. Gemme, 23 Mo. 344 *et seq.*; Adams v. Campbell, 10 Mo. 724; Oldam v. Trimble, 15 Mo. 225, 228; Coman v. Mardell, 15 Mo. 424.)

II. The petition showing on its face a cause of action, a motion in arrest is not the mode of reaching an objection to the capacity of plaintiff to sue. (Gen. Stat., 1865, p. 684, § 7; Jackson v. Anderson, 32 Mo. 118; Welch v. Bryan, 28 Mo. 30; Jones v. Stille, 36 Mo. 324; Wood v. Mann, 1 Sumn. 500.) There is really but one demand in this case—one allegation of waste—and after that was established by proof, the different demands upon which plaintiffs seek to recover would come in like items in an account, and they all, in fact, constitute but one cause of action. (State, to the use, &c. v. Davis *et al.*, 5 Mo. 406.)

*Lay & Belch*, for defendants in error.

The plaintiffs can not maintain this suit. The administrator *de bonis non* was the party to sue. (R. C. 1855, §§ 45–7, pp. 120, 121; 35 Mo. 323; 15 Mo. 490; 9 Mo. 356.) It was not the intention of the Legislature, that all the creditors of an estate, and the administrator also, should commence suit and carry them on simultaneously. Several distinct breaches are assigned and there is a general verdict. (State v. Ruggles, 20 Mo. 99.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that B. Bruns administered on the estate of Grisberg, deceased, and that Barrett and Dulle were his securities on the administration bond. The plaintiffs had a demand against the estate, which was regularly proved up and classified. The plaintiffs had a demand against the estate. They were also the assignees of several other demands. Bruns made his first annual settlement, showing assets in his hands to a con-

siderable amount, which were liable to the claims of creditors, and subsequently died without making distribution.    Letters of administration *de bonis non* were granted on the estate of Gris berg, but the assets of which Bruns died possessed were not paid over to the succeeding administrator.    The plaintiffs com menced suit in the Cole County Circuit Court against the securi- ties on the administrator's bond of Bruns, deceased, and assigned several distinct breaches.

The jury returned a general verdict for the plaintiffs, and assessed their damages in one entire sum.    Upon this verdict judgment was rendered, and the defendants moved in arrest, which motion being overruled, they carried the case to the Dis- trict Court, where the judgment of the Circuit Court was reversed, and the plaintiffs have now brought error.

Several questions have been argued in this Court, only two of which we deem it necessary to notice :    First, as to the validity of the verdict, and second, whether the action is maintainable. The petition on the bond set out ten distinct breaches, and the verdict was for an entire and gross sum.    On such a verdict it is impossible for the court to know how the issues were formed, on which of the breaches the damages were assessed, and how much on each one.    This practice is erroneous, and furnished a sufficient ground for arresting the judgment.    (Mooney v. Ken- nett, 19 Mo. 551 ; Clark's Adm'r v. Hann. & St. Jo. R.R. Co., 36 Mo. 215 ; Pitts v. Frigate, 41 Mo. 405.)    The next ques- tion presented by the record is whether it was competent for the plaintiff to maintain this action.

By the statutes of this State it is provided that if all the exec- utors or administrators of an estate die or resign, or their letters be revoked, in cases not otherwise provided for, letters of admin- istration on the goods unadministered shall be granted to those to whom administration would have been granted if the original letters had not been obtained, or the persons obtaining them had renounced the administration ; and the administrators shall per- form like duties and incur the like liabilities as the former executor or administrator.

The statute further declares that if any executor or administrator

die, resign, or his letters be revoked, he or his legal representatives shall account for, pay and deliver to his successor, or to the surviving or remaining executor or administrator, all money, real and personal property of every kind, and all rights, credits, deeds, evidences of debt, and such papers of every kind of the deceased, at such times and in such manner as the court shall order, on final settlement with such executor or administrator or his legal representatives. (1 Wagn. Stat. 77, §§ 46-47.)

It will be perceived that the statute contemplates that the succeeding administrator shall stand in the exact attitude of his predecessor; that he should perform the same duties and incur the same liabilities—that is, that he shall reduce the assets belonging to the estate to possession, and make distribution when legally authorized so to do.

In order to make a full and complete adjustment of the affairs pertaining to an estate, under the administration law, it is necessary that the administrator should have control of all the assets. There is no other way by which they can be legally distributed. They must be reduced into his possession and come into his hands before he can ascertain to what class they can be applied, or in what proportion the claims in any given class can be paid off. But if a creditor can commence proceedings on the bond in the manner here contended for, he may recover the whole of his claim when legally the class to which it belongs may be entitled to only a small per centage. Or he may recover when there are demands enough proved and allowed in a prior class to absorb the whole estate, thus defeating the whole policy of the administration law and going in direct opposition to the statute.

When an administrator dies or resigns, or his letters are revoked, his successor in office, the administrator *de bonis non*, is the proper person to sue for, recover, and take charge of all the assets, of whatever description, belonging to the estate; he is thenceforth accountable, and it is to him that the creditors must look. Any other course would lead to confusion, and destroy and practically annul the statutory provisions concerning priorities and classification.

The question is not new in this court; it has been previously

raised, and always decided in the same way. In the case of The State, to use, etc., v. Hunter *et al.*, 15 Mo. 490, Judge Scott pertinently remarks : " How could there be an apportionment of the assets among creditors in the same degree if one creditor was allowed to sue on the bond of the first administrator and recover his entire debt?" So, in State, to use, etc., v. Fulton *et al.*, 35 Mo. 323, it was expressly held that where the administrator dies or is removed before final settlement, the administrator *de bonis non* can alone sue for the assets unadministered.

I am satisfied that the judgment of the District Court reversing the judgment of the Circuit Court was correct, and I therefore. advise an affirmance.

Judgment affirmed. The other judges concur.