F. T. KERRIN *et al.*, Plaintiffs in Error, *v.* ALBION ROBERSON
*et al.*, Defendants in Error.

1. *Practice, civil — Parties — Jurisdiction — Misjoinder.*— When two or more
persons are proper parties to proceedings, plaintiff may institute them against
all in the county where either may reside; but he cannot, for the purpose of
obtaining jurisdiction over a non-resident of the county, improperly join one
who is a resident.
2. *Administration — Administrator and administrator* de bonis non — *Joinder
as defendants.*— The administrator *de bonis non,* and not the creditor, is the
proper person to pursue the estate. But this principle cannot authorize a
creditor to join both parties defendant in a proceeding to set aside their
several settlements for fraud. If the action be well grounded, the judgment
should be to set aside the old settlement, in whole or in part, and order a
new one. But neither in setting aside the old settlement nor making the new
one, can any judgment be rendered against the administrator *de bonis non.*
So far as a proceeding to set aside their settlements are concerned, their
accounts are separate and independent, and there is no reason why they
should be joined.

### *Error to Pettis Circuit Court.*

*F. P. Wright,* for plaintiffs in error.

Hatton, administrator *de bonis non* and successor to Rob-
erson, who is charged with combining and confederating with
Roberson in making his fraudulent final settlement, was a neces-
sary party to a complete determination of the questions involved.
There is in fact but one administrator of an estate. The admin-
istrator *de bonis non* stands in the situation of his predecessor.
He controls the assets, and it is his duty to acquire them, whether
such assets are in the hands of the former administrator or in the
hands of others. He alone can sue for them. (State *ex rel.*
Collins v. Dulle, 45 Mo. 269 ; State, to use, etc., v. Fulton, 35
Mo. 323 ; State *ex rel.* Crow v. Cox, 45 Mo. 311.)

As to parties, the rule in equity cases is that all parties mate-
rially interested, either legally or beneficially, in the subject-
matter of the suit, as in the case at bar, ought to be made
parties, either as plaintiffs or defendants, so that there may be a
complete decree. (Sto. Eq. Pl., § 72 ; Melford's Ch. Pl. 189.)
One reason of this rule is to prevent future litigation and to
avoid a multiplicity of suits. (Nolan v. Carter, 31 Cal. 427.)

No judgment was rendered on Hatton's demurrer. He remained in court until the final judgment of nonsuit was taken, when the court refused to hear the evidence. (Roberson v. Morgan County Court, 32 Mo. 428 ; The State v. Pepper *et al.*, 7 Mo. 348.) But even if there had been a dismissal as to Hatton by a judgment of the court, jurisdiction over Roberson having been properly acquired, it would not be lost by such dismissal. (January v. Rice, 33 Mo. 409.)

Roberson having been duly served with process, he should have objected to the jurisdiction, either by demurrer or answer. (Morton v. Green, 10 Mo. 652.)

Where the case requires it, different judgments or decrees may be rendered in the same action, and against one or more of several defendants. (Wagn. Stat. 1051, § 2; Wescott v. Bridewell, 40 Mo. 146.)

*Philips & Vest*, for defendants in error.

I. All the acts of maladministration and misfeasance alleged against Roberson were committed by him solely prior to any connection whatever with him on the estate by Hatton. The latter was sued as administrator *de bonis non*, and as he was not such administrator until after Roberson ceased to hold his office, there could not possibly have been either a combination between or joint liability by them as such administrators. There was no privity between these administrators, nor was Hatton responsible for any devastavit or default of Roberson's. (Redf. Wills, ch. 3, p. 90 ; Alsop v. Mather, 8 Conn. 584 ; *In re* Small's Estate, 5 Penn. St. 258.)

II. The Circuit Court of Pettis county had no jurisdiction over the defendant Roberson. Only such persons may be joined as defendants as are necessary to a complete determination of the question involved, or such as are united in interest. (Wagn. Stat. ch. 110, pp. 1000–1, §§ 5–7.) And the provision in section 1, article III, of same chapter, that "when there are several defendants, and they reside in different counties, the suit may be brought in any such county," of course contemplates a case where several defendants are united, as specified in article I.

And if they are not necessarily joined, the actions should be separate, and instituted " in the county within which the defendant resides." It never was intended by the Legislature that a plaintiff, in order to bring his adversary out of a remote county to litigate their controversy at the plaintiff's home, should only join him with some disinterested party in the county of the venue, and then, after the adversary is drawn to his chosen field of contest, take a nonsuit as to the resident defendant. This is precisely what the plaintiffs attempt to do in this cause. Such arts are hurtful devices, and deserve severe rebuke by the courts. (Dunn v. Hazlett, 4 Ohio St. 436, 438 ; Shryer v. Miner *et al.*, 20 Ind. 175 ; Ashburn v. Ayres, 28 Mo. 77–8.)

BLISS, Judge, delivered the opinion of the court.

Defendant Roberson was administrator of the estate of John C. Kerrin, deceased, and resigning his administration, defendant Hatton became administrator *de bonis non*. Each of said administrators made their separate settlements, and the plaintiffs, as heirs of said decedent, present their petition to the Pettis Circuit Court to set aside their settlements on account of fraudulent concealments, etc. Hatton resided in Pettis county and Roberson in Iron county, but service was had upon both. The latter did not appear, but Hatton demurred to the petition for misjoinder of parties and other causes, and the demurrer was sustained, the court holding that he had no interest in the settlement of the account of Roberson, and should not be joined in any proceeding to set it aside. The record shows irregularity in the proceedings, or great carelessness in the entries, but enough appears to enable us to pass upon one question, to-wit : the right of the plaintiffs to make Hatton a party to proceedings against Roberson, and the right thereby to compel the latter to leave the county of his residence and to answer in another. Where two or more are proper parties to proceedings, the plaintiff may institute them against the whole in the county where either may reside ; but he cannot, for the purpose of obtaining jurisdiction over a non-resident of the county, improperly join one who is a resident.

It is claimed that Hatton had such an interest as should make him a party, for the reason that it was his duty to receive or recover the assets in the hands of the former administrator. It is true that the administrator *de bonis non*, and not the creditor, is the proper person to pursue the estate in the hands of his predecessor (Collins v. Dulle, 45 Mo. 269); but it does not hence follow that he is a proper party to the proceeding now under consideration. If the allegations of the petition are true, the judgment should be to set aside the old settlement in whole or in part, and either to order a new one in the Probate Court, or the settlement should be made in the pending proceeding in the Circuit Court. But neither in setting aside the old nor in making the new settlement can any judgment be rendered against the other administrator. So far as this proceeding is concerned, their accounts are separate and independent, and there is no reason why they should be joined.

This defect has not been waived. Hatton demurred for the reason named, and Roberson, without appearing, objected to the jurisdiction of the court.

From the confusion in the record it is not easy to say what might be the effect of an affirmance of the judgment below. We will therefore dispose of the case by dismissing the petition without prejudice to the right to prosecute anew.

Judge Wagner concurs. Judge Adams not sitting.