THE STATE *ex rel.* CRANE *et al.* v. HEINRICHS *et al., Appellants.*

1. **Executor**: REVOCATION OF LETTERS: BOND. An executor, who resigns or is displaced, and is permitted by the court to make final settlement and take the receipt of his successor and go out of court, is not liable to an action on his bond by a creditor for the latter's allowance against the estate, and such is the case although the court may have ordered the executor, while in office and when he had funds of the estate in his hands, to pay all demands against the estate and he failed to do so.

2. —— : ——. The funds of the estate in the hands of the executor at the time of his displacement, are debts due the estate, and can, under the statute, be paid by him only to his successor in office.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Hamilton & Fisher* for appellants.

The plaintiffs could not maintain their action against the former executor and his securities; they should have proceeded against the administrator in charge of the estate. R. S., §§ 48, 49; *State v. Hunter*, 15 Mo. 338; *Scott v. Crews*, 72 Mo. 261. When an administrator resigns, it is his duty to pay over all funds of the estate in his hands to his successor; the former has no authority to make distribution after his office ceases. *Connelly's Appeal*, 1 Grant (Pa.) 366; *Lane v. State*, 27 Ind. 108. The petition is defective in failing to allege that the executor had in his hands sufficient funds of the estate to pay all the demands against the estate. The general order to pay, not having been made upon any settlement, and failing to specify the class of demands to be paid was void. *Renick v. Hubbard*, 19 Pick. 167. The discharge of the executor upon payment to his successor of all moneys, and his transfer of all property in his hands belonging to the estate, was a discharge of the securities on the executor's bond.

*White, Edwards & Davison* for respondents.

The court properly sustained the demurrer to the answer of defendants. The judgment requiring him to pay all the debts, was binding upon him, and he could not avoid it by attempting to show that he was prevented from complying with the order by another judgment entered more than a year afterwards. The judgment was final. If erroneous, it should have been appealed from—cannot be attacked in a collateral proceeding. *Freeland v. Wilson*, 18 Mo. 380; *State ex rel. Shun v. Stafford*, 73 Mo. 658; *State*

*to use of Griffith v. Holt*, 27 Mo. 340; *Taylor v. Hunt*, 34 Mo. 205; *Dix v. Morris*, 66 Mo. 514; *State ex rel. Rucker v. Rucker*, 59 Mo. 17; *State ex rel. Wolf v. Berning*, 74 Mo. 87. The statute provides the manner in which the letters of an executor may be revoked. It is necessary to a legal revocation that the court having jurisdiction should make some kind of an order. R. S. 1879, §§ 43, 44; *State ex rel. Rucker v. Rucker*, 59 Mo. 17. The point made by the respondent of the insufficiency of the petition is not well taken. *State ex rel. Cowan v. Modrell*, 15 Mo. 421; *State to use of Renfroi v. Frice*, 15 Mo. 375; *State ex rel. Philips v. Rush*, 77 Mo. 586; *State to use of Keeley v. Thornton*, 56 Mo. 325.

PHILIPS, C.—The defendant, Heinrichs, qualified and acted as the executor of the last will and testament of Agnes Heinrichs, deceased, in Cole county. He gave bond as such on the 6th day of November, 1874. The petition in this case alleges, after the usual preliminary averments, that, on the 11th day of November, 1875, the plaintiffs proved up an account against said estate for the sum of $781.77, which the probate court then allowed and placed in the fifth class. This suit is brought by plaintiffs against said Heinrichs and the sureties on his official bond to recover the amount of said allowance. The breach assigned is, that the court of probate aforesaid at its October term, 1876, ordered said executor to pay immediately all demands against said estate, "and although plaintiffs at that time held and do still hold their demands against said estate, the said Heinrichs, as such executor, has failed to pay the same or any part thereof, although requested so to do."

The answer, after tendering the general issue, except, etc., admitted that the court made the order recited in the petition and then averred that said Heinrichs had complied therewith until he was prevented from further compliance by the subsequent action of the county court, on the 17th day of November, 1877, when he was relieved and discharged from further administering on said estate at

which time Tennessee Mathews was, by the order of said court, duly appointed administrator *de bonis non*, with the will annexed, of said estate. It then averred that on the day last aforesaid, and before the demand aforesaid of plaintiffs was presented to him, the said Heinrichs made his final settlement of said estate, and did account, pay over and transfer to his said successor all moneys, properties and effects remaining in his hands or under his control, belonging to the estate, as he was by law and the order of the court required to do ; since which time the said Heinrichs, it is alleged, had no right to pay claims of plaintiff against said estate, but the duty devolved upon his successor in office, etc. To all that part of the answer, after the general denial, the plaintiff demurred, which demurrer the court sustained, and that portion of the answer was stricken out.

The order of the probate court, relied on by plaintiffs, was made on the 2nd day of May, 1877, instead of October, 1876, as alleged in the petition, and is as follows:

"Ordered by the court, that John F. Heinrichs, executor of the said estate pay immediately all demands against said estate."

The plaintiffs evidence showed that the administrator *de bonis non* had, since his appointment, paid on plaintiffs' claim the sum of $250, December 11th, 1881. The defendants offered to make proof, substantially, of the facts set up in the answer, which, on the objection of plaintiffs, the court excluded as incompetent and constituting no defense to the action. Defendants, also, offered in evidence the receipt of said Tennessee Mathews, administrator as aforesaid, to said Heinrichs, acknowledging the receipt from him of all the moneys, effects, etc., shown to be in the hands of the intestate by his last settlement. This the court also excluded. Defendants then introduced said Heinrichs as a witness, by whom they attempted to prove that the order for the payment of all claims, purporting to have been made on him by the county court, was made without

35—82

any notice to him or knowledge thereof, also, that the estate was insolvent, and that he complied with the order as far as he could until displaced by the appointment of his successor; all of which the court excluded.

The court found the issues for the plaintiffs, and rendered judgment against defendants for the balance due on said claim.

Defendants bring the case here on appeal.

The principal question presented by this record is the right of the creditor plaintiffs to maintain this action against the former executor after his displacement by the appointment of his successor and his settlement with such successor. It is the manifest design and scheme of the administration law that the assets of the estate should all the while be in the hands of the acting executor or administrator, so as to be subject, in the manner designated by the statute, to the jurisdiction and supervision of the probate court. To this end it is provided by sections 48 and 49, Revised Statutes, that: "If any executor or administrator die, resign, or his letters be revoked, he or his legal representatives shall account for, pay and deliver to his successor, * * all money, real and personal property of every kind, and all rights, credits, deeds, evidences of debt, and such papers of every kind of the deceased, at such times and such manner as the court shall order, on final settlement with such executor, or his legal representatives to be made on motion of his successor * *."

"If the executor or administrator resigns, * * it shall be the duty of his successor * * to move the court to compel the executor, * * having resigned, to make final settlement; and on such motion, after due notice to such executor, * * the court having jurisdiction shall ascertain the amount of money * * unaccounted for at the time of his resignation * * and to enforce such order and judgment against such administrator or executor and his sureties, if they had due notice of the proceeding * *."

The language of these sections, and succeeding sections is quite explicit and comprehensive, and is such as to leave little doubt as to the legislative intent. When the administrator or executor ceases to be such, from death, resignation or revocation of his letters, he or his legal representatives shall account for, pay and deliver to his successor all money, real and personal property of every kind, etc. And the probate court shall ascertain the amount of money due, etc., at the time of his resignation, and compel him to pay over to his successor whatever remains in his hands as such administrator or executor. And if he does not so pay, he and his bondsmen are liable to the summary mode pointed out by the statute, or to a suit at the relation of the administrator *de bonis non,* on his bond. The order of the probate court for the payment of demands against the estate, conceding its legal efficacy, did not in any wise change the character of the funds assumed to be in the hands of Heinrichs as executor. It did not have the effect to segregate the fund from the general assets of the estate, or to set it apart so as to give the creditors any lien upon it. Until paid over by the executor it remained in his hand as the money of the estate. As such they were at all times subject to the control of the probate court. So much so is this true, that the court might, at any time prior to the execution of the order by the executor, have otherwise directed him and withheld the fund to some other time. The money not having been disbursed by Heinrichs at the time of the appointment of his successor, it was " money due the estate at the time of his resignation; " and as such he was bound by the express terms of the statute to pay it over to his successor. He had no right after he ceased to be executor to perform any act as executor. The order upon him was as executor. If valid, the order could be performed and executed by his successor. The payment, was to be made out of the assets in Heinrichs' hands as executor. His successor would discharge it out of the

same fund, which Heinrichs should turn over to him on settlement.

The fact of such disbursement and when made, should be reported by the executor to the probate court for supervision and approval before he could take credit therefor. If the position of plaintiff in this action is maintainable, how is the amount claimed by the executor to have been disbursed under such order to be inspected and approved as it should be by the probate court? At the time Heinrichs was displaced by the appointment of Mathews he had not complied with the order. He is permitted by the court to make final settlement, and take the receipt of his successor and go out of court. After that the probate court lost jurisdiction over him as such executor. He is no longer in court. *Caldwell v. Lockridge*, 9 Mo. 362. Judge Scott said, in the course of his opinion in this case: "A court would not permit an executor or administrator to resign who was in arrears to an estate, until the balance against him had been settled. He would not thus be permitted to escape the control of the court in coercing the payment of the debts he may owe the estate." According to plaintiffs' theory, when Heinrichs made his settlement with his successor he should have withheld from him all funds necessary to discharge all the demands against the estate in existence at the date of the order in question; and as a matter of course he could pay them off after he had ceased to be executor. If so, how could the court of probate ascertain and pass on the amounts thus claimed to have been so disbursed by the executor? The court has lost its jurisdiction over him, and is without power to call him before it to exhibit his accounts. It thus becomes apparent that the remedy against the outgoing administrator or executor is placed in the hands of his successor. He can compel him under summary process as pointed out by statute, to make settlement and account for all the undisposed of assets; or he may bring action on his bond with or without settlement, for failure to account. *State ex rel. r.*

*Porter et al.*, 9 Mo. 352. And the creditors must look to the administrator *de bonis non* to do his duty in this respect.

This question, we think, has been fully determined in repeated decisions of this court. *State ex rel. v. Hunter*, 15 Mo. 490, was an action by the administrator *de bonis non* against the former administrator on his bond, alleging the receipt by him of a large sum of money as assets of the estate which he had failed to account for. A demurrer to this declaration was interposed and sustained. Scott, J., who delivered the opinion, said: "The view of the court below, that an administrator *de bonis non* could not sue on the bond of a former administrator, was clearly erroneous. When there are debts to pay, he would seem to be the only person that could sue." In *State ex rel. v. Fulton*, 35 Mo. 323, the first administratrix on settlement in the probate court was ordered to pay the balance in her hands to her successor. Seven years having elapsed, without the first administratrix complying with this order, the distributees at law of the estate brought suit against her, alleging her failure to pay, that there were no debts of the estate unpaid, and that the fund of right belonged to them. The court say: "The administratrix　*　　*　having made a settlement　*　　*　and having been ordered by the court to pay the balance in her hands to her successor, the administrator *de bonis non*, she and her sureties were liable to that successor, and not to the plaintiffs or other person interested in the estate. The remedy of the plaintiffs is against the administrator *de bonis non*." The question came again before this court in *State ex rel. v. Dulle*, 45 Mo. 269. Bruns the first administrator died, after making an annual settlement, showing a considerable amount of assets in his hands liable to the claims of creditors. Letters of administration *de bonis non* were granted to one Chrisby, but the assets held by Bruns were not paid over to him, as Heinrichs claims he had done in this instance. Some of the creditors of the estate sued on the bond of the first administrator and recovered judgment. This court reversed the

judgment. It is true there was no order made on Bruns in his lifetime to pay these creditors. But we think the real basis of this decision applicable to the case at bar. Wagner, J., *inter alia*, said: "It will be perceived that the statute contemplates that the succeeding administrator shall stand in the exact attitude of his predecessor, that he should perform the same duties and incur the same liabilities—that is, that he shall reduce the assets belonging to the estate to possession, and make distribution when legally authorized so to do.     *     *     When an administrator dies or resigns, or his letters are revoked, his successor in office, the administrator *de bonis non*, is the proper person to sue for, recover and take charge of all the assets, of whatever description, belonging to the estate; he is thenceforth accountable, and it is to him that the creditors must look. Any other course would lead to confusion and destroy and practically annul the statutory provisions concerning priorities and classification."

It is probable that what is said in this opinion about a recovery by a creditor, in this form of action, producing inequalities in distribution, might have little weight in a case where the court had ascertained that there are assets sufficient to pay all the demands. But the suggestions made in the preceding part of this opinion touching the policy and necessity of the probate court ultimately passing on the disbursments when made, even under the order, would render the reasoning of Judge Wagner quite applicable to this case. And it is noticeable that he concludes his opinion by approving the language of Scott and Bates, JJ., in the cases *supra:* "That where the administrator dies, or is removed before final settlement, the administrator *de bonis non* can alone sue for the assets unadministered." This enunciation is repeated in *Kerrin v. Roberson*, 49 Mo. 252: "The administrator *de bonis non*, and not the creditors, is the proper person to pursue the estate."

And in *Scott v. Crews*, 72 Mo. 261, Norton, J., very distinctly asserts the doctrine that the assets of the estate

remain in the hands of the acting administrator or executor at all times to the end of the administration, subject to the supervision and final order of the court. He says : "It is clear from these various statutory provisions that, upon the revocation of the letters of an administrator, the county court is clothed with the power to have a settlement made in that court by the removed administrator. It is also clear that such a settlement is to be made at the instance of the successor, * * and it is also clear that the county court is invested with authority to appoint such successor. * * While an administrator holds the assets of an estate primarily for the payment of debts, the further duty is imposed upon him, after the debts are extinguished by payment, of paying to the heirs and distributees, under the direction of the court, what may remain in his hands applicable to that purpose. His full duty is not performed until both these things are done. * * When such an administrator (*de bonis non*) was appointed, it is made the duty of the former administrator to pay over to him whatever remains in his hands, whether the estate is indebted or not."

In *Connelly's Appeal*, 1 Grant's Cases, 368, that distinguished jurist, Black, C. J., says : "It is well settled that a discharged executor or administrator is not to make distribution, but simply to pay over the fund to his successor." He cites the case of *Little v. Walton*, 11 Harris 164, which is much in point. In that case a balance had been found by the proper court to be in the hands of the administrator for distribution. He died without making such payment. The widow sued the administrator of the estate of the first administrator of her husband for her distributive share, who pleaded in defense that he had paid the fund over to the administrator *de bonis non*. This same learned judge said, after referring to the local statute, much like our own in this respect : "It was intended to keep the administration in one line and not compel the representative of a deceased administrator to make distribution of one part

among the heirs and creditors of the original decedent, while the administrator *de bonis non* was doing the same thing with another part of the same estate."

II.    Counsel have discussed, at length, the question of the validity of the order made by the county court to pay all demands against the estate.   It is contended that it does not show that Heinrichs was in court when it was made, or that he made any settlement showing assets in his hands, nor does it appear from the order that the demands against the estate had ever been allowed.   Whether the existence of the preliminary facts authorizing the county court to make the order, are to be presumed, in favor of its action, to have been found by the court, or whether the order is not, nevertheless, void on its face for not directing the executor to pay demands allowed against the estate only, instead of all demands, are serious questions.   But in view of the conclusion already reached in the foregoing opinion, the determination of the validity of this order is not material.

It follows that the judgment of the circuit court is reversed and the cause remanded.   All concur.