· 55  163
64  332

J. D. CHORN, Respondent, v. THE MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1893.

1. **Appellate Practice**: RAILROADS: KILLING STOCK: CIRCUMSTANTIAL EVIDENCE.   If the triers of the facts can with reasonable certainty infer from the surrounding circumstances that the stock was killed in the manner charged, then the appellate court is not authorized to interfere.

2. ———: FINDING OF TRIAL COURT: DIFFERENT COUNTS.   The appellate court will not interfere with the judgment below, on the ground that the trial court did not make a separate finding on each count, where the record fails to show affirmatively that the court did not pass on the merits of each count separately.

*Appeal from the Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Jackson & Montgomery* for appellant.

(1) The court erred in refusing to give the peremptory instructions numbered 1, 2, 3 and 4, for the reason that the evidence did not show that the several animals got on the railroad ground at any particular places, nor that the fence was defective at any place where any of said animals entered the railroad ground. (2) The finding was void because there were four distinct causes of action set forth in four distinct counts of the petition, and yet the court made but one general and aggregate finding, when there should have been a separate finding on each count. The court refused to correct this error, although it was pointed out in the motion for new trial and in the motion in arrest. *Bricker v. Railroad,* 83 Mo. 391, and cases cited.

*Sam. C. Majors* for respondent.

(1) The evidence was that the tracks of the animals showed that they got onto the right of way where the fence of defendant was down. *Gee v. Railroad,* 80 Mo. 283; *Harned v. Railroad,* 51 Mo. App. 487; *Allen v. Railroad,* 38 Mo. App. 294; *Hamilton v. Boggess,* 63 Mo. 233; *Gaines v. Fender,* 82 Mo. 497; *Warren & Son v. Maloney,* 39 Mo. App. 295. And these authorities are a complete answer to points 1, 2, 3, 4 and 5. (2) The sixth point might be well taken if it were a fact that the court made but one general and aggregate finding; although there seems to be a conflict of authority on this point. The case of *Bricker v. Railroad,* 83 Mo. 391, sustains that view, while 17 Mo.

App. 341, in the case of *Loomis v. Railroad,* holds a contrary view. But like the case of *Dodds v. Estill,* 32 Mo. App. 46, it is not necessary in this case that you should choose between the two opinions on this rule of practice. The truth is, that the court did in fact find upon all the counts for the amount claimed in each, and upon each count separately. An examination of the statement of plaintiff's cause of action, filed with the justice, shows this beyond a doubt. How can appellant say that the court did not find upon each count? What evidence have they for this contention? The court sitting as a jury in the trial of a cause does not return a written verdict, and there is no separate record made of its finding. Every presumption attends the acts and doings of a court of general jurisdiction, and a party who asserts that error has been committed must prove it. *State v. Burns,* 85 Mo. 47; *Porth v. Gilbert,* 85 Mo. 125; *Beckley v. Skroh,* 19 Mo. App. 75.

GILL, J.—This is an action originally brought before a justice of the peace under the double damage act, to recover for the killing of plaintiff's stock; the statement filed with the justice charged, *first,* the killing of two hogs of the value of $6 each, on March 3, 1892; *second,* the killing of one Cotswold sheep, of the value of $8, May 30, 1892; *third,* the killing of two common Cotswold ewes, of the value of $3 each, June 1, 1892; *fourth,* the killing of one hog of the value of $8, July 11, 1892—aggregating in value $34.

The imputed act of negligence, was the failure of defendant to construct and maintain lawful fences at the different places where said animals went upon the railroad, and where it was the duty of defendant to fence its right of way. The case was taken by appeal to the Howard circuit court, where on a trial before

the court without a jury, plaintiff had judgment for $68, being double the aggregate damages suffered by him, and defendant appealed.

I. The judgment herein is assailed on two grounds. The first five paragraphs of defendant's brief all relate to an alleged failure of proof to establish a case against the defendant. In this connection we have read the evidence as shown by the abstract and find therein abundant testimony to sustain the court's finding on every count of the complaint. There was ample evidence justifying the court in finding, that defendant was derelict in its duty to maintain lawful fences along its right of way; that by reason thereof plaintiff's stock (of the kind and at the times named in the complaint) escaped from plaintiff's adjoining enclosures onto the railroad and was there run over and killed by passing trains. Whilst there were no eyewitnesses to the killing, yet there is abundant indirect proof that the stock was killed in the manner charged in the petition. The rule is well understood that if the triers of the facts can with reasonable certainty infer from surrounding circumstances that the stock was killed in the manner charged, then this court will not be authorized to interfere. *Harned v. Railroad*, 51 Mo. App. 487.

II. The next and only remaining objection is, that though there were four distinct and separate causes of action out set out in the complaint, yet the trial judge did not make a separate finding on each count as there should have been. The law is settled in this state, as claimed by defendant's counsel, that where there are two or more counts in the petition there should be a separate finding on each, and that it is error for the trial court to receive from the jury a general verdict in the aggregate on all counts. *Bricker v. Railroad*, 83 Mo. 391. Admitting, now, that this same rule should apply where the issues of fact, as well as law, are tried

before the judge without a jury, how are we to determine in this case that the court did not make a separate finding on each count? There is nothing on the face of these proceedings that would so indicate. . There was no verdict nor separate finding of facts by the court and the judgment, wherein the aggregate damages are named with the order doubling the same as the statute requires, fails to show that the court considered the different counts *in solido* rather than separately. But when the face of the complaint is considered along with the evidence and the judgment, it would seem conclusive that the trial court passed on each count separately and found thereon for the plaintiff. This is manifest from the following considerations appearing on this record: *first*, that in the first count $12 is claimed, in the second $8, in the third $6, in the fourth, $8; and *second* from the further fact that the evidence was undisputed that the animals killed were of the values named in the complaint; and *thirdly*, because in the judgment the aggregate amount of damages is fixed at $34, which was the exact aggregate sum claimed in the petition and supported by all the evidence in the case.

However, we base our decision on this point, and hold it against the defendant, on the ground that the record fails to show affirmatively that the court who tried the case did not pass on the merits of each count separately. As often said: "Every presumption attends the acts and doings of a court of general jurisdiction, and a party who asserts that an error has been committed must prove it." *State v. Burns*, 85 Mo. 47.

Judgment affirmed. All concur.