Silcox & Martin, Respondents, v. James McKinney, Appellant.

Kansas City Court of Appeals, January 6, 1896.

1. **Trial Practice**: PLEADING: SEPARATE COUNTS: GENERAL VERDICT.. Where a petition sets up separate causes of action in separate counts with separate demands for damages, a general verdict is improper and a good cause for arresting the judgment; but where there is one cause of action stated in different counts, a general verdict is sufficient.

2. **Pleading**: SEPARATE COUNTS: ONE OR SEPARATE CAUSES OF ACTION. A petition contained two counts which were identical, except that one count mentioned thirty bushels of onions not mentioned in the other. *Held*, the two counts were intended to state but one cause of action.

3. ———: RULE OF INTERPRETATION. In construing a pleading the language must be taken in its plain and ordinary meaning and such interpretation given to it as fairly appears to have been intended by the pleader.

*Appeal from the Cass Circuit Court.*—Hon. W. W Wood, Judge.

AFFIRMED.

*J. B. Hamner* for defendant.

There should have been a separate finding on each count, as the counts were different, and a failure to make separate findings is reversible error. *Bricker v. Railroad,* 83 Mo. 391; *State v. Blize,* 111 Mo. 465; *Mooney v. Kennett,* 19 Mo. 551; *Clark's Administrator v. Railroad,* 36 Mo. 215; *Pitts v. Fugate,* 41 Mo. 405; *Collins v. Dulle,* 45 Mo. 269; *Bigelow v. Railroad,* 48 Mo. 510; *Owens v. Railroad,* 58 Mo. 386; *Chorn v. Railroad,* 55 Mo. App. 163.

*Beardsley, Gregory & Flannelly* for respondents.

(1) On a record brought before this court, as the record here is brought, and in form in which this record is made, this court will give to the action of the trial court every presumption favorable to its ruling. *O'Donnell v. Patton,* 117 Mo. 18. (2) The repetition in one of the counts of thirty barrels of onions, so that there is in that count an excess over the other count, is clearly a clerical error; but if it were not, plaintiffs had the right to state in the two counts in different form the total contents of the cars. Since it was clear that in each count it was the intention to recover all the proceeds of the sale of the contents of the two cars, there was but a statement in different form in the two counts of the same cause of action. The verdict in the one count would be a bar to an action upon the cause recited in the other, and, therefore, a general finding of the jury upon the petition is good. *Owen v. Railroad,* 58 Mo. 394; *Landcaster v. Insurance Co.,* 92 Mo. 468; *McKee v. Calvert,* 80 Mo. 248; *Brownell v. Railroad,* 47 Mo. 239; *Allen v. Railroad,* 84 Mo. 653.

SMITH, P. J.—It has for a long time been the settled rule of practice in this state, that where a petition

sets up separate causes of action, stated in separate counts, with a separate demand for damages in each count, a general verdict for a general sum is improper and is a good cause for arresting the judgment. *Chorn v. Railroad*, 55 Mo. App. 163; *Mooney v. Kennett*, 19 Mo. 551; *Clark's Administrator v. Railroad*, 36 Mo. 215; *Pitt v. Fugate*, 41 Mo. 405; *Collins v. Dulle*, 45 Mo. 269; *Bigelow v. Railroad*, 48 Mo. 510; *Owens v. Railroad*, 58 Mo. 386; *Bricker v. Railroad*, 83 Mo. 391. But this rule does not apply where there is really but one cause of action, stated in a different manner in different counts, so as to meet any possible state of facts that may be shown by the evidence. In such case, a finding upon any one of the counts would be a bar to any further recovery on any count in the petition, and a general verdict for plaintiff would be sufficient. *Owens v. Railroad, ante; Brownell v. Railroad*, 47 Mo. 239.

The appealing defendant in the present case, against whom there was a judgment given in the court below, contends that there are two counts and causes of action set forth in the plaintiffs' petition, and since the finding of the jury was general and not on each separate count, defendant's motion in arrest of the judgment should have been sustained.

By reference to the petition it will be seen that in the first count thereof it is alleged that on the twenty-sixth of March, 1892, the plaintiffs shipped to defendant one hundred and twenty barrels of onions, which were sold by defendant for $570, and that on the tenth day of April, 1892, the plaintiffs shipped to the defendant nineteen barrels of parsnips, thirty barrels of onions, seventy-five barrels of onions, and thirteen thousand and thirty pounds of onions in bulk, which where sold by defendant for $550. It was further alleged that the defendant paid out on account of

freight and drayage a certain sum on each shipment, and that he was entitled to five per cent commission on account of said sales. And there is the further allegation that defendant, on each of the two dates named, paid plaintiffs the sum of $200.

The second count alleges that on the same dates stated in the first count, the plaintiffs shipped the defendant the quantities of produce described in the first count (excepting that in the latter there is mentioned thirty bushels of onions, not mentioned in the first), of a certain market value in Kansas City, being the same as that which it was alleged in the first count said produce was sold for. It was further alleged that the defendant had sold said produce and had not accounted to the plaintiffs therefor. The other allegations as to amounts and dates of advancements for freight and drayage, and as to commissions, were identical with those of the first count.

While it is true there is the item of "thirty bushels of onions" mentioned in the second count, that is not in the first, still a close analysis of the two counts will lead to no other conclusion than that the petition states but one cause for action, though stated in a different manner in each count. The allegations as to the number and date of the shipments, the kind, quantities, and value of the produce, the amount of advancements, commissions, and payments, with the single exception already mentioned, are the same in each count of the petition. No inference arises from a reading of the two counts that the shipment of the produce described in the one is distinct from that of the other. It is too plain for argument that the transactions referred to in the first count are the same as those in the second, though somewhat differently stated.

In determining whether the petition is within the first or second branch of the rule stated at the outset, the several facts just adverted to, showing the cause of action to be one and the same, ought to greatly outweigh the single fact, also already adverted to, showing that the petition states two separate causes of action. We think it clear from the very language of the two counts that the pleader intended to state but a single cause of action and that the item of thirty bushels of onions, mentioned in the latter and not in the former, was but a clerical error. The rule is that in construing a pleading its language must be taken in a plain and ordinary meaning, and such interpretation given to it as fairly appears to have been intended by the pleader. *Stillwell v. Ham*, 97 Mo. 579; R. S., sec. 3546. Tested by this rule, it is plain that the petition stated but one cause of action and that the general finding thereon for the plaintiffs was sufficient. It follows that the circuit court did not err in overruling the defendant's motion in arrest.

The judgment will be affirmed. All concur.