ESTATE of Caroline Ada SAMPLE,
Deceased, Respondent,

v.

The TRAVELERS INDEMNITY
COMPANY, Appellant.

No. 61885.

Supreme Court of Missouri,
Division No. 1.

Sept. 9, 1980.

David L. Colson, Farmington, for appellant.

John W. Reid, II, Fredericktown, for respondent.

WELBORN, Commissioner.

Action to recover for breach of guardian's bond. Surety appealed from judgment rendered against it for $114,547.97. Missouri Court of Appeals, Eastern District, reversed judgment. Respondent's motion to transfer was sustained by the Supreme Court.

This same litigation has a long history of appearances in the appellate courts of this state. See: *State ex rel. Travelers Indemnity Company v. Swink*, 440 S.W.2d 152 (Mo.App.1969) (hereinafter Sample I); *Estate of Sample v. Travelers Indemnity Company*, 492 S.W.2d 829 (Mo.1973) (hereinafter Sample II); and *Estate v. Travelers Indemnity Company*, 534 S.W.2d 618 (Mo.App. 1976) (hereinafter Sample III).

Between June 23, 1955 and June 24, 1965, Truman, the son of Caroline Ada Sample (hereinafter Ada), together with his mother, executed seven promissory notes totalling $113,454.07 at three different banks. Ada executed these notes as an accommodation endorser for Truman. On November 5, 1965, Truman instituted proceedings to have Ada declared incompetent and on November 12, 1965, she was so declared and Truman was appointed her guardian.

On December 15, 1965, a Guardian's Bond Application was filled out for Truman by an agent for Travelers Indemnity Company (hereinafter Travelers). Truman listed his assets at $200,000.00, and his indebtedness to Ada's estate as his liabilities. Travelers provided a bond eventually in the amount of $128,000.00.

Ada died on April 1, 1966 and on October 14, 1966, Truman filed what purported to be a final settlement in the guardianship estate. The Probate Court of St. Francois County approved this settlement.

On March 15, 1968, E. A. Sample, the administrator of Ada's estate, moved to set aside the October 14, 1966 order of the probate court, on the grounds that he, as administrator of the estate of Ada Sample, had not been given the 20 days notice required by Section 475.290, RSMo. The order of October 14, 1966 was set aside by the probate court.

Travelers took an appeal from this order to the Circuit Court of St. Francois County. Travelers was ordered to produce certain documents at the hearing on the appeal, objected to the order and instituted a proceeding in prohibition in the St. Louis Court of Appeals to restrain the circuit court from enforcing its order to produce records. The Court of Appeals held that no appeal lay from the order of the probate court and therefore the circuit court had no jurisdiction other than to remand the case to the probate court for further proceedings. Sample I.

Upon remand the administrator filed a "Petition for Damages Against Guardian and Surety" in the Probate Court of St. Francois County wherein it was alleged that the guardian had failed to file a final settlement in the guardianship estate and to turn over the assets of said estate to the administrator. This petition further alleged that at the time Truman was appointed guardian he was indebted to his ward on seven notes aggregating a total sum of $90,693.59 plus interest and that he had breached his obligation under the bond by not filing a timely final settlement of the guardianship estate and turning over all the assets of the guardianship estate to the administrator of the decedent's estate. The judge of the probate court disqualified himself and certified the cause to the circuit court for trial.

On January 10, 1970, E. A. Sample, the administrator (hereinafter Administrator), filed a Motion for Summary Judgment in the circuit court against Truman and Travelers.

On April 29, 1970, a summary judgment was entered in behalf of the Administrator and against both Truman and Travelers in the sum of $95,935.62. Travelers appealed this judgment to the Supreme Court of Missouri. While this appeal was pending, Truman died on March 5, 1971. The Supreme Court, on March 12, 1973, reversed the judgment and remanded the cause to the circuit court because there were genuine issues as to material facts remaining unresolved. Sample II.

On October 4, 1974, the Administrator, by leave of court, filed a six–count amended petition in the Circuit Court of St. Francois County. Count I alleged that Truman, as guardian, had failed to file a final settlement in the guardianship estate and to turn over the assets of the guardianship estate to the plaintiff, E. A. Sample, the administrator of the Estate of Caroline Ada Sample, who died on April 1, 1966, and that Truman was indebted to his ward when he was appointed guardian of her estate. The petition then listed the seven promissory notes signed by Truman and his mother, referred to hereinabove, and alleged that the notes had been paid either by the bank's applying certain certificates of deposit in the name of the deceased ward which were pledged as security for the notes or by Truman out of the assets of the guardianship estate pursuant to Order of the Probate Court of St. Francois County on specified dates both prior and subsequent to the date of Mrs. Sample's demise. The plaintiff further alleged that the guardian had breached his obligation on the bond and that Travelers was therefore liable to the plaintiff for the damages caused by the guardian's breach of his obligations.

Plaintiff further alleged that, on November 22, 1969, he, as Administrator, obtained a judgment against the guardian on the seven notes described in the petition in the Superior Court of Thomas County, State of Georgia, in Civil Action Number 9148.

Plaintiff concluded this Count by alleging that the total amount of principal and interest due the estate was $113,454.07, that he had recovered from the guardian $19,854.45 to be applied against that amount, and that he sought judgment against the guardian and his surety in an amount of $93,599.92, plus interest from November 23, 1969.

Counts II, III, IV, V and VI were essentially counts against the guardian and the surety on the various notes. (The details of the handling of the various notes are found in Sample II, 492 S.W.2d at 831.)

When the cause came on for hearing on October 31, 1974, Travelers filed a motion suggesting to the court the death of Truman and requested that the trial court enter an order requiring the substitution of a personal representative for the deceased Truman. This request was denied and the cause proceeded to trial without appointment of a personal representative for the deceased defendant.

Travelers presented no evidence. The jury returned a verdict for the Estate against Travelers for $114,547.97. Travelers appealed, contending that the trial court erred in proceeding without appointing a personal representative for Truman. The court of appeals concluded that the action was a proceeding under Section 473.207, RSMo 1969; that in such proceeding the surety of a personal representative who is delinquent could not be proceeded against in the summary way there provided for unless the delinquent principal was proceeded against at the same time, and the judgment must be against the principal and the surety. Because no judgment had been rendered against the guardian, the court held that there was no final judgment and dismissed the appeal. *Sample III.*

Plaintiff filed a motion in the circuit court for final judgment in accordance with the opinion of the court of appeals. Pursuant to the motion, the court entered an order dismissing Truman without prejudice and ordered the November 4, 1974 judgment final for purpose of appeal. On Trav-

elers' appeal, the court of appeals held that Truman's dismissal resulted in the absence of a necessary party under Section 473.207 and reversed the judgment. The cause was transferred to this Court.

This case is in this Court as on an original appeal. Mo.Const. art. V, § 10. The issues are those raised by appellant's brief. The briefs on which the case has been here presented are those filed in the court of appeals prior to Sample III. Appellant has not taken advantage of Rule 83.08 to file an additional brief in this Court.

■ Appellant's first point is that the trial court erred in proceeding without appointing a personal representative for Truman "because Supreme Court Rule 52.13 requires substitution upon suggestion of death of a party." Any error on this basis was eliminated when Truman was dismissed as a party. There is no objection before this Court that the dismissal as to Truman resulted in a defect of parties in the trial court. Appellant does suggest that the absence of a personal representative for Truman precluded a final determination of his indebtedness to the estate. However, appellant has not presented any point of error based upon Truman's dismissal from the case.

■ Furthermore, any complaint based upon Truman's dismissal must be premised upon the theory that appellant's liability was determined in a proceeding under Section 473.207, a summary procedure which requires that the guardian be a party. Appellant's liability was not determined in a summary manner, but in a jury trial. Regardless of the original nature of the proceedings, appellant has received the benefit of a proceeding under Section 473.210, which may be maintained against the surety alone, and may not now be heard to complain on this basis.

■ Appellant's second point is that the trial court erred in overruling its motion to dismiss plaintiff's petition for failure to state a cause of action. This point preserves nothing for appellate review because it specifies no reason for the claimed error

on the part of the trial court. Rule 84.04(d) requires a point relied upon to state "wherein and why" the ruling of the trial court is claimed to be erroneous. The statement of appellant's Point II gives no hint as to why the trial court's ruling was erroneous.

■ Appellant's third point is that the trial court erred in admitting the Georgia judgment in evidence "because said judgment was not material or relevant against Travelers Insurance Company with Truman R. Sample not a party." The Georgia judgment was prima facie evidence of Truman's default and of the measure of damages resulting therefrom. *Home Insurance Company of New York v. Savage*, 231 Mo. App. 569, 103 S.W.2d 900, 901–902[5] (1937). Appellant relies upon Sample II where the court found the Georgia judgment alone insufficient to support the summary judgment because the judgment, standing alone, did not show that it was based upon the notes involved in this action. 492 S.W.2d 834[4]. Here the record of the Georgia court and oral testimony established that the Georgia judgment was based upon the notes involved in this case. Therefore, what was said in Sample II on the matter is *no longer pertinent.*

■ Appellant contends that the plaintiff's verdict–directing instruction was not supported by competent evidence. Its argument is directed at two findings required by the instruction:

"First, Truman R. Sample received all of the proceeds of the seven promissory notes mentioned in evidence;

*    *    *    *    *    *

"Third, Truman R. Sample could have paid off each and every promissory note mentioned in evidence on November 13, 1965, and at any time through January 27, 1966, with his assets, but Truman R. Sample did not; *  *  *.*"

As for item First, appellant's argument acknowledges that bankers testified that the proceeds of the notes were "delivered to Truman R. Sample. Beyond that point, they were unable to state what happened to

the money." The instruction required only a finding that Truman received the money. If it was "delivered" to him, he obviously received it.

As for the objection to paragraph Third, appellant's argument is premised upon the theory that the only evidence of Truman's financial condition during the period in question was an affidavit by Truman, dated November 12, 1969, that on November 12, 1965, he was solvent and his net worth exceeded $125,000. Appellant argues strenuously that this affidavit was not competent evidence. Since its point is not that the admission of the affidavit was trial error, appellant's objection need not be answered because there was other evidence of Truman's worth at the time in question. The most important item in this regard is the bond application with appellant, dated December 15, 1965, and signed by Truman, in which he stated that his assets amounted to $200,000 and his liabilities "around $50,000." There was also evidence of his ownership of a hotel in Georgia on which a loan of $112,350 had been paid off on October 15, 1965. The loan was from a Georgia lending agency which was not permitted to lend more than 75% on the value of real estate.

Regardless of the evidentiary value of Truman's affidavit, the submission complained of had adequate evidentiary support otherwise.

■ Appellant's final point is that the trial court erred in failing to rule for defendant at the close of plaintiff's case because the judgment was not proper as a matter of law. This point is obviously deficient in failing to state why the judgment of the trial court was deficient as a matter of law. As best can be gleaned from the argument, the basis of this complaint is that Truman had not inventoried the debts to his mother as assets of the guardianship and therefore his failure to pay them cannot amount to mishandling of the guardianship estate, and further that, at most, Truman was indebted only for the two notes paid by his mother prior to the guardianship estate and was not responsible for payment of the others out of either the guardianship estate or the decedent's estate under supervision of the probate court.

Appellant relies upon *Weber v. Oviatt*, 194 S.W. 80 (Mo.App.1917), as the "controlling case." That case was concerned with whether or not an uninventoried indebtedness from the executor to the estate should be considered as money. The court concluded that it was not and therefore that the executor, who had been removed, could not, on exceptions filed to his settlement, be charged with the amount of the note.

That case cannot be considered controlling in view of *State ex rel. Welch v. Morrison*, 244 Mo. 193, 148 S.W. 907 (1912), relied upon by respondent. In that case, the court stated, 148 S.W. 909[1][2][3]:

"1. The right of the administratrices de bonis non to sue on the bond to recover for the breaches alleged is challenged but must be sustained. The jury found the executors solvent when they took charge of the estate and thereafter, and that finding is now conclusive. Being solvent, then the indebtedness due from the executors to the estate constituted assets in their hands (section 108, R.S. 1909; *McCarty, Adm'r v. Frazer et al.*, 62 Mo. 263), for which they were jointly liable, having given a joint bond. Their solvency and the indebtedness of Tygard and Clark being for present purposes, established by the verdict, and such indebtedness, in consequence, being assets in their hands, there is no good reason for distinguishing between such assets and any others which came into their possession. The liability of the surety is the same as that of the principal. *Bassett v. Deposit Co.*, 184 Mass. [210], loc. cit. 213, 68 N.E. 205, 100 Am.St.Rep. 552, et seq.

"It is settled law in this state that an administrator de bonis non may sue on the bond of his predecessor for assets in his hands for which he has failed to account. *State, to use, etc., v. Hunter et al.*, 15 Mo. 490; *State, to use, etc., v. Porter et al.*, 9 Mo. 356; *State, to use, etc., v. Price and Lusk*, 17 Mo. 431; *State ex rel. v. Dulle et al.*, 45 Mo. 269; *Scott v. Crews*, 72 Mo. 261; *State, to use, etc., v.*

*Fulton et al.*, 35 Mo. 323; *State, to use, etc., v. Flynn*, 48 Mo., loc. cit. [413], 416, 417.

"These cases (see *Seymour v. Seymour*, 67 Mo. [303], loc. cit. 305, 306) also settle the rule that, under our statutes, such action can be maintained whether or not the displaced executor or administrator has made settlement showing a balance in his hands, and also that the action may be instituted in the circuit court or summary proceedings pursued in the probate court. The cases cited to the contrary announce common–law rules, but the common–law system has been superseded by our statutes. *Titterington, Administrator, v. Hooker*, 58 Mo. [593], loc. cit. 597, 598."

Judgment affirmed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.