WILLIAM G. PITTS, Respondent, *v.* NANCY FUGATE, Adm'x of JOHN FUGATE, dec'd, Appellant.

1. *Practice—Verdict—Several causes of Action—Arrest of Judgment.*—Where several causes of action are united in the same petition, a verdict must be found and damages assessed upon each cause of action separately, if the finding be for the plaintiff, or the judgment will be arrested.

2. *Judgment—Security—Evidence—Estoppel.*—Where judgment has been rendered against a principal and his security in a bond, and the security upon satisfying the judgment sues his principal for money paid to his use, the principal is estopped from alleging illegality or want of consideration in the bond.

*Appeal from the Sixth District Court.*

*James Carr*, for appellant.

*W. J. Howell*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

In this case there were two counts for separate causes of action joined in the petition, one upon a promissory note, the other for money paid to the use of the defendant. There was no separate assessment of damages or verdict on each cause of action, but one verdict and assessment of damages

in one gross sum on the whole petition. A motion in arrest of judgment for this reason was made and overruled. It has been decided that a judgment rendered upon such a verdict is erroneous—Clark v. Han. & St. Jo. R.R. Co., 36 Mo. 215; Mooney v. Kennett, 19 Mo. 554. The provisions of the present Practice Act on this subject are similar to those of the act of 1849—Acts of 1849, p. 89, § 2; G. S. 1866, ch. 169, §§ 20, 26. The difference between a general and a special verdict is there distinctly defined. A general finding for the defendant on all the issues where there are several causes of action joined in the same petition, may be sustained; but where the finding is for the plaintiff, there must be a separate verdict and a distinct assessment of the damages on each count; otherwise it is impossible for the court to know how the issues were found, or upon which count the damages are assessed. For this reason the judgment must be reversed.

One count alleged the payment of money for the use of the defendant on a judgment rendered against the plaintiff, and the defendant's intestate on a demand in which he was security only for the other. The record of the judgment was not produced in evidence, but the testimony of a witness was admitted without objection to prove the fact of payment, the judgment, and the nature of the transaction. The defendant offered evidence tending to show that the judgment was founded upon a money bond which was void on account of illegality in the consideration. This might have been a good defence to that action, but the judgment was conclusive of that matter. The evidence offered by the defendant here to prove that the consideration of the demand sued on was illegal, was inadmissible in this suit. The bond sued on was merged in the judgment, and was not a proper subject of inquiry. There was no evidence before the jury to sustain the defence on either count.

The judgment is reversed and the cause remanded. Judge Wagner concurs; Judge Fagg absent.