SARAH F. CARPENTER, Appellant, v. DANIEL G. STEARNS
and W. H. LIDDLE, Respondents.

Kansas City Court of Appeals, October 29, 1888.

1. **Replevin** : DELIVERY BOND : ESTOPPEL FROM DENYING POSSESSION :
CASE ADJUDGED. Wherein a suit by a married woman, in replevin,
for the possession of certain household property as her separate
property, which had been levied on as the property of her husband,
the defendants gave a delivery bond for the retention of said fur-
niture, and upon trial in the justice's court plaintiff recovered judg-
ment, and upon trial anew in the circuit court upon appeal, the
plaintiff offered, amongst other evidence, the delivery bond exe-
cuted by defendants and the constable's return, which, upon objec-
tion by defendants, was excluded by the court ; and upon proof by
defendants that said property was not in the "actual manual" pos-
session of defendants until a day subsequent to the commencement
of this suit ; and at the close of the evidence the court instructed
the jury, at the instance of defendants, that under the pleadings
and evidence they should find the issues for defendants, whereupon
plaintiff took a non-suit with leave, etc., and after an unsuccessful
effort to set it aside, brings the case here by appeal. *Held* that
the court committed error in not allowing defendants' delivery bond
to be read in evidence, and in taking the case from the jury.

2. ———— : PURPOSE OF THE STATUTE IN REPLEVIN : CASE ADJUDGED.
The very object and purpose of the statute under which this bond
was executed is to enable defendants in replevin suits to retain
possession of the property until questions of ownership and right
to possession can be determined by suit. The defendants, having
availed themselves of the benefits of this statute, are estopped from
claiming or showing at the trial that the property described in
their delivery bond was never in their possession. .          ;

*Appeal from Johnson Circuit Court.*—HON. CHARLES
W. SLOAN, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*Samuel P. Sparks*, for the appellant.

(1) The respondents directed the levy of the writ of attachment and the levy of execution; the officer was but their agent in the transaction, and the possession of the officer in such cases, was the possession of the respondents, and replevin can be maintained against them. The possession of the officer was *per my et per tout*. *Allen v. Crary*, 10 Wend. 349; *Tripp v. Leland*, 42 Vt. 488; *Fonda v. Vanhorne*, 15 Wend. 633; *Connah v. Hale*, 23 Wend. 467; *Boyce v. Brockway*, 31 N. Y. 493; *Larimer v. Wheeler*, 1 Keyes, 468; *Collier v. Beckley*, 33 Ohio St. 531; 3 Abb. Prac. Dec. 42; 13 Hun, 38; 24 Hun, 92; 6 Barb. 81; 8 Barb. 214; 16 Barb. 312, 485; 37 How. Pr. 102; 2 Abb. [N. S.] 365; 15 Abb. [N. S.] 428; 2 Daly, 405; 78 Ind. 452. (2) The court erred in excluding from the evidence the delivery bond, for by its execution and delivery, respondents were estopped to deny that they had the possession of these goods at the time of its execution. *Hundley v. Filbert*, 73 Mo. 34; *Lyman v. Lyman*, 11 Mass. 317; *McMillan v. Dana*, 18 Cal. 339; Drake on Attachments, secs. 339, 340, 341; *Frost v. White*, 14 La. An. 140; *Shaw v. McCullough*, 3 W. Va. 260; *Sparks v. Shropshire*, 4 Bush (Ky.) 550; *Jones v. Peasley*, 3 Iowa, 52; *Harrison v. Wilkins*, 69 N. Y. 412; *Dickerson v. Anderson*, 9 Mo. 156; *Cohen v. Braughton*, 54 Ga. 596; *Speake v. United States*, 9 Cranch (U. S.) 28; *Sullivan v. Pierce*, 10 Ark. 500; *Shonenbarger v. Lemert*, 23 Kan. 55; *Staples v. Fillmore*, 43 Conn. 510; *Rutledge v. Corbin*, 10 Ohio St. 478; *Hannesso v. Bonnell*, 23 N. J. Law, 159; *Bacon v. Daniels*, 116 Mass. 174; *Gray v. McLain*, 17 Ill. 404; *Daw v. Clark*, 7 Mich. 310; 28 Mo. App. 233; *Price v. Kennedy*, 16 La. Ann. 73; *Inman v. Strattan*, 4 Bush, 447; *Roebuck v. Thornton*, 19 Ga. 151; *Mead v. Figh*, 4 Ala. 279; *Lucas v. Beebe*, 88 Ill. 427; *State v. Nicoll*, 30 La. An. 628; *Diossy v. Morgan*, 74 N. Y. 11; *Bunce v. Beck*, 46 Mo. 327. (*a*) The delivery bond

was a substitute for the property so far as the respondents were concerned. *Lungonbeel v. Lemert*, 41 Ohio St. ; s. c. 25 Am. Law Reg. 215. (*b*) It was the duty of the respondents, on presentation of writ of replevin, to have notified the officer that they did not have possession of the property. Their conduct in holding out to him that they had, by executing delivery bond, estopped them to deny such possession. *Bank v. Garrison*, 2 Mo. App. 58 ; *Justices v. Lancaster*, 20 Mo. App. 559 ; *Dewey v. Field*, 4 Metcalf, 381 ; *Dressback v. Mennis*, 45 Cal. 225 ; *Anthony v, Bartholow*, 69 Mo. 186 ; 46 Mo. 327 ; *Bleven v. Freer*, 10 Cal. 172 ; *Gaff v. Harding*, 66 Ill. 61 ; *Bullard v. Hascall*, 26 Mich. 132 ; Herman Estop., Res. Jud. 768. (*c*) A party is estopped to deny the solemn recital· in his bond. 2 Herman Estop. and Res. Jud. 767. (*d*) If a party pretends he has the goods when the demand is made, and induces the plaintiff to sue him, he cannot defend on the ground that he did not have them. *Hall v. White*, 3 Car. & P. 136 ; Wells Replev. sec. 375. (3) It follows that the court erred in forcing appellant to a non-suit by its instructions based upon the theory that appellant had failed to prove that respondents were in the actual possession of the goods, at the time of commencement of suit.

*O. L. Houts, Orr & McLin*, for the respondents.

(1) As a condition precedent and jurisdictional to the issuing of a writ of replevin, plaintiff must make affidavit among other things that the property is wrongfully detained by the defendant. R. S., secs. 2882, 2883. (2) Plaintiff is required to give bond that he will return the property to defendant, if return be adjudged. R. S., secs. 2884, 2885. (3) Order of delivery requires the constable to take the property from the possession of the defendant. R. S., sec. 2886. (4) It is a necessary and jurisdictional fact, and condition precedent to the issuing and sustaining the writ of replevin, that the possession of the property was in the defendants at the time of the

issuing of the writ of replevin. *Hickey v. Hinsdale*, 12 Mich. 99; *Richardson v. Reed*, 4 Gray, 441; Wells on Replevin, secs. 34, 134, 142, 143, 646; 3 Mo. App. 454; *Gray v. Parker*, 38 Mo. 160. (5) The possession of personal property by the constable under an execution in favor of defendants is not the possession of defendants, but is a proceeding partly *in rem*, and will not lie where it is unlawful to execute that part of the process under the precept. Property could not be taken from or returned to a party who did not have the possession. *Richardson v. Reed*, 4 Gray, 441; *Ladd v. North*, 2 Mass. 516; 2 Greenleaf, sec. 560, and notes; 2 Leigh, N. P. 1223; *Meary v. Head*, 1 Mason, 322; *Hopkins v. Hopkins*, 10 Johns. 373; *Brockway v. Burnap*, 12 Barb. 351; Wells on Replevin, secs. 142, 143, 646. (6) The court did not err in excluding the delivery bond in evidence to the jury. The recitals of the bond do not admit or assert the possession of the goods in respondents. The only obligation assumed by defendants in said bond was to deliver to plaintiff the property mentioned in the statement and the writ in this suit, if said delivery be adjudged, or in default of such delivery, to pay the assessed value of said property. (7) Appellant's evidence showed that respondents never did have possession of the goods replevied until after they purchased them from the constable at the constable sale, under the execution in his hands in favor of respondents, and against W. H. Carpenter, husband of appellant, which was long after the issuing and service of the writ in this action. As the writ was issued and served and the bond given on the third day of January, 1887, and the property came into possession of respondents, under said constable sale, for the first time, on the twenty-first day of January, 1887, the court did not err in giving the instruction at the instance of respondents. (8) The court did not err in overruling appellant's motion for a new trial, as it appears from the evidence of appellant, that the suit was instituted against the wrong party, that at the time of the institution of the suit,

and long prior and subsequent thereto, the property in controversy was in the possession of one H. H. Still, and was not in possession of respondents.

RAMSAY, J.—Plaintiff instituted this suit, in one of the justices' courts of Johnson county, against the defendants, in replevin for the possession of certain household furniture of the alleged value of $70.20. The statement and affidavit were in statutory form and on the day the writ was issued by the justice, the defendants executed and delivered to the constable executing said writ their delivery bond for the retention of said furniture, which delivery bond was in form prescribed by statute, and which, together with replevin writ, were properly returned by the constable.

Plaintiff recovered a judgment in the justice's court and defendants appealed to the circuit court. On trial anew in the circuit court plaintiff introduced evidence tending to show that the furniture in question was her separate property, she being a married woman, and that said property had been purchased with her separate money and means, and that plaintiff was, at the time of the institution of her suit, the owner of and entitled to the possession of it. Plaintiff offered to read in evidence the delivery bond executed by the defendants and the constable's return. The defendant objected to its introduction, on the ground that it was irrelevant, immaterial, and had no tendency to show that defendants ever were in possession of the property in suit, and the court sustained their objection.

The evidence of the constable was to the effect that the property in question had been levied upon by him under a certain writ of attachment issued in a suit wherein the defendants in this suit were plaintiffs and one W. H. Carpenter, husband of the plaintiff herein, was the defendant, and that said property was not in the "actual manual" possession of defendants until a day subsequent to the commencement of this suit. Other evidence touching value, damage, etc., was

introduced. At close of plaintiff's evidence; at instance of the defendants, the court gave this instruction: "The court instructs the jury that under the pleadings and evidence in this case they will find the issues for the defendants."

Whereupon plaintiff took a non-suit with leave to set the same aside, and after an unsuccessful effort to set her non-suit aside, the cause is brought to this court.

We are of the opinion that the court committed error in not allowing defendants' delivery bond to be read in evidence, and in taking the case from the jury. The very object and purpose of the statute under which this bond was executed is to enable defendants in replevin suits to retain possession of the property until questions of ownership and right to possession can be determined by suit. The defendants, having availed themselves of the benefits of this statute, are estopped from showing or claiming at trial that the property described in their delivery bond was never in their possession. *Schnaider Brewing Co. v. Niederweiser*, 28 Mo. App. 283, and cases cited.

It is evident from an inspection of the record that the case turned below upon the point of defendants' possession at the date of the institution of this suit, the day their bond was executed.

For the reasons herein stated the judgment of the lower court is reversed and the cause is remanded. All concur.