# W. R. SHUCK, Respondent, v. R. W. PFENNING-HAUSEN, Appellant.

**St. Louis Court of Appeals, April 28, 1903.**

1. **Attorney and Client: PAYMENT OF COST BY ATTORNEY: ENTITLED TO REIMBURSEMENT.** An attorney, in the absence of his client, when it is necessary for the prosecution of the suit in which he is employed, can advance legal costs and look to his client for reimbursement.

2. ———: **COST AND ATTORNEY'S FEES: GENERAL VERDICT, ERRONEOUS.** Where an attorney sues to recover professional fees and costs required to be paid in advance, there should be a finding on each count separately, as a general verdict for plaintiff would be erroneous.

3. ———: **SEVERAL CAUSES UNITED: GENERAL VERDICT: REMITTITUR.** Where several causes of action are united in the same petition, and the verdict is a general one, and fails to make a finding of damages on each count separately, and one count is for a trifling sum, the court will not reverse and remand the cause if appellee will remit the amount recovered on such second count.

Appeal from Howell Circuit Court.—*Hon. Wm. N. Evans,* Judge.

AFFIRMED (*conditionally*).

*Livingston & Burroughs* for appellant.

(1) The rule is the same in cases of attorney and client. An attorney has no authority to pay out money for his client, making the client his debtor, or do any other act affecting the cause of action, without authority from his client either expressed or implied. Ratican v. Union Depot Co., 80 Mo. App. 528; Wonderly v. Martin, 69 Mo. App. 86; Willard v. The Seigel Gas Fixture Co., 47 Mo. App. 1. (2) Where several causes of action are united in the same petition, a verdict must be found and damages assessed upon each cause of action separately, if the finding be for the plaintiff, or the judgment will be arrested. Pitts v. Fugatis, Admr., 41 Mo. 405; State ex rel. v. Dulle, 45 Mo. 269; St. Louis to use v. Allen, 53 Mo. 44; State ex rel. v. Peterson, 142 Mo. 405.

*James Orchard* for respondent.

(1) In answer to that part of appellant's brief in which he contends that an attorney can not expend money for his client in the prosecution of the suit, will state that the very authorities cited by the learned counsel hold that the attorney has the right to do all things necessary to institute and prosecute the suit. Of course they could not go outside of their employment and pay out money and hold their client. (2) As to the second proposition, we concede his theory is right, when there are several counts in a petition, growing out of different transactions, but not otherwise. But we contend that his theory is incorrect in the case at bar. (3) The petition, though setting out several distinct items

and claiming judgment for each, is founded on matters growing out of the same transaction, and may be treated as containing but one count. Newton v. Miller, 49 Mo. 298; Wright v. Baldwin, 51 Mo. 269; Kansas City Hotel Co. v. Sigement, 53 Mo. 176.

BLAND, P. J.—The respondent is an attorney at law having an office at Eminence, Shannon county, Missouri. Appellant had a claim of $4,500 against the Wagnor Lumber Company, doing business in said county, which he was apprehensive of losing and employed respondent professionally to bring an attachment suit against the Wagnor Lumber Company. Respondent prepared the necessary papers for the commencement of the suit, but appellant was unable to fill the required bond; thereupon, on the suggestion of respondent, the attachment suit was abandoned and a suit to enforce a vendor's lien against specific personal property of the Wagnor Lumber Company was prepared and filed by respondent. Before the clerk would issue process, he required the payment in advance of $12.70 costs, which respondent paid for the appellant. Soon after the suit was brought, appellant's claim was settled by the Wagnor Lumber Company, by giving him a bill of sale for the lumber against which it was sought to enforce a vendor's lien. Appellant offered respondent $25 as full compensation for his professional services. Respondent refused to accept the sum tendered, brought this suit, alleging his services to be of the value of $229, and in the second count asked a recovery of the $12.70, which he had advanced for the appellant.

On the trial respondent offered evidence tending to prove that his services were worth from one hundred and fifty to two hundred dollars.

There was a general verdict in favor of respondent for $65.50. Defendant appealed.

1. The court gave the following instruction, the giving of which is assigned as error:

"4. The court instructs the jury that even though you should find the plaintiff paid any court fees and costs purporting to pay the same for the defendant, yet defendant would not be liable to plaintiff for sums so paid unless you should further find that defendant authorized or directed plaintiff to pay the same."

There is no direct evidence that appellant authorized the respondent to advance costs for him. It is every day practice for an attorney, in the absence of his client when it is necessary for the prosecution of the suit in hand, to advance legal costs for his client; that he has authority to do this and to look to his client for reimbursement has been the settled law and practice in this country and in England for over a century.

2. Appellant, in his motion in arrest of judgment, assigns as one ground therefor the following:

"There are two distinct and separate claimed causes of action in plaintiff's petition, but the verdict being general no valid judgment can be rendered thereon."

Where several causes of action are united in the same petition, a verdict must be found and damages awarded on each count separately, and a general verdict will be arrested if the error is called to the attention of the trial court by appropriate motion. Pitts v. Fugate's Admx., 41 Mo. 405; City of St. Louis v. Allen, 53 Mo. 44; Brownell v. Railroad, 47 Mo. l. c. 243; Bigelow v. Railroad, 48 Mo. 510; Grimes v. Sprague, 86 Mo. App. l. c. 252; Johnson v. Bedford, 90 Mo. App. l. c. 47.

The amount sought to be recovered by the second count ($12.70) is a trifling sum and we have concluded not to reverse the judgment and remand the cause for the error in the verdict, if within ten days from the date of the filing of this opinion, the defendant will file with the clerk of this court a remittitur of $12.70. It is therefore considered that if the remittitur be filed within ten days the judgment will stand as affirmed for

$49.80; if the remittitur be not filed within the time herein allowed, the judgment will stand as reversed and the cause remanded for new trial. *Reyburn, J.,* and *Goode, J.,* concur.