WATKINS, Plaintiff in Error, v. GREEN, Defendant in Error.

St. Louis Court of Appeals, February 13, 1906.

1. APPELLATE PRACTICE: Abstract of Record. Where the transcript and abstract of the record filed in the appellate court failed to show the filing of a bill of exceptions, the appellate court has nothing to review except the record proper.

2. PRACTICE: Replevin: Special Interest: Right of Trial by Jury. In an action for the replevin of personal property where the defendant asserted no special interest in the property until after verdict in his favor, the trial court could not then on the assertion of a special interest by defendant enter judgment in his favor.

Error to Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Jere S. Gossom* for plaintiff in error.

(1) The verdict of the jury is not responsive to the issues, and is not such as the law requires, because it

116 App—38

fails to find the value of the defendant's possession, or
the special interest of the defendants therein.   The ver-
dict should have found defendant's special interest, or
the value of his possession.   Dilworth v. McKelvey, 30
Mo. 149; Boutell v. Warne, 62 Mo. 354; Fulkerson v.
Dinkins, 28 Mo. App. 160; Clinton v. Stovall, 45 Mo.
App. 642;   Clarkson v. Jenkins, 48 Mo. App.  223;
Barnes v. Rawlings, 74 Mo. App. 536;  R.  S.  1899,
secs.  4473  and  4474.    (2)    The  judgment  is  er-
roneous because the verdict does not find the value of de-
fendant's possession, or his special interest in the prop-
erty in controversy, and is not supported by the verdict;
and the verdict is not cured by the assessment of the value
of defendant's possession in the judgment, or by the find-
ing of the defendant's special interest in the judgment.
Clinton v. Stovall, 45 Mo. App. 642, State ex rel. v. Dunn,
60 Mo. 64; Robins v. Foster, 20 Mo. App. 519; R. S. 1899,
secs. 4473 and 4474.

*R. L. Ward* for defendant.

(1)   Neither is the verdict in this case governed by
section 4473, Revised Statutes 1899, requiring in circuit
court or the jury to assess the value of the replevined
property, because that statute expressly provides such
finding when the answer claims the property and de-
mands a return of same.  Sec. 4473, R. S. 1899; Fowler
v. Carr, 55 Mo. App. 145.   (2)   Judgment need not con-
form to the statutes; it may be modified by the facts and
circumstances of each particular case so as to meet its
equities.   Wilson v. Smith, 60 Mo. App., 473.   (3)   The
judgment in this case is in exact conformity with rule
laid down in Dilworth v. McKelvey, 30 Mo. 154; Peters v.
Lowestein, 44 Mo. App. 408.     (4)     The reason that
a  jury  assesses  the  value  of  the  property  replev-
ined is that the successful party may elect to take
the property or the money; it is wholly an error that ef-
fects the successful party and cannot prejudice the losing

party as he has no election; while in the case at bar there being no dispute as to the amount of special interest, it was not an issue for the jury to decide, and hence the appellant cannot complain.    Hopper v. Hopper, 84 Mo. App, 121; Dixon v. Atkinson, 86 Mo. App. 29.

BLAND, P. J.—The suit is in replevin begun before a justice of the peace where the plaintiff recovered judgment.   Defendant appealed to the circuit court of Pemiscot county, where on a trial anew, verdict and judgment were for him.   Neither the transcript nor abstract filed shows that a bill of exceptions was ever filed, hence there is nothing before us for review, except the record proper. The record shows that on the second day of March, 1905, the issues were submitted to a jury who, after hearing the evidence, returned into court the following verdict:

"We, the jury, find that the defendant, D. E. Green, was entitled to the possession of the cows sued for at the time of the institution of this suit.—O. F. Grimes, Foreman."

After recording the verdict, the record of the judgment proceeds as follows:

"And thereupon comes the defendant, D. E. Green, and makes known to the court that he disclaims any right, title, claim or interest in or to the cows involved in this lawsuit, except the sum of four dollars, due him as poundmaster of the city of Caruthersville, for the impounding of said stock.   The premises considered, it is ordered and adjudged by the court that the defendant, D. E. Green, have and recover of and from the plaintiff, J. H. Watkins, as principal, and J. O. Tinsley, security on the replevin bond, the possession of said cows, or in lieu thereof, the sum of four dollars the amount of defendant's demand against the plaintiff for impounding of said cattle, together with the cost in and about this suit expended, both in this court, and in the court below, and hereof have execution therefor."

Incorporated in the record, as certified by the clerk,

is a motion to set aside the verdict and for new trial. But this motion cannot be considered for the reason a motion to set aside a verdict and for new trial is not a part of the record proper. Such motions can only be made a part of the record by being incorporated in the bill of exceptions. It nowhere appears in the record or abstract that defendant claimed a special interest in the property replevied; however, in the statement of the case (in the briefs of both parties) it is said that defendant, as poundmaster of the city of Caruthersville, impounded the cows and held them for the payment of charges. So far as the record discloses, this special claim or interest was not made known at the trial until after the verdict was rendered, when the court of its own motion, and on the bare statement of defendant, assessed the value of defendant's special interest and rendered judgment therefor. The assessment of defendant's interest in the cows should have been submitted to the jury. [R. S. 1899, sec. 3916.] The decision of this question by the court deprived plaintiff of one of his constitutional rights, to-wit, to have all the issues of fact in the case passed upon by the jury.

Wherefore, the judgment is reversed and the cause remanded. All concur.