EDNA WILLIAMS, RESPONDENT, v. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals. January 23, 1928.

*Corpus Juris-Cyc. References: Death, 17CJ, section 18, p. 1174, n. 3; section 31, p. 1179, n. 74; Insurance, 32CJ, section 141, p. 1065, n. 8; section 265, p. 1152, n. 95; section 406, p. 1234, n. 38; Life Insurance, 37CJ, section 46, p. 383, n. 48; section 294, p. 546, n. 46; section 313, p. 559, n. 61; Pleading, 31Cyc, p. 533, n. 51; Trial, 38Cyc, p. 1546, n. 90; p. 1886, n. 8.

W. B. Norris for appellant.

No brief for respondent.

FRANK, C.—This is an action upon a policy of insurance issued by defendant on November 22, 1925, upon the life of Alfred Wood

in the sum of $82, payable upon his death to plaintiff, who is named in the policy as beneficiary. The jury returned a verdict for plaintiff, and after judgment thereon defendant appealed.

The petition is in three counts.

The first count seeks recovery of $82, the principal sum named in the policy, relying on the statutory presumption of death based upon the facts that insured, a resident of this State, left the State about August 1, 1918, and has continually remained away for more than seven consecutive years, with no tidings of his whereabouts, and that plaintiff paid all premiums due on the policy from the date of insured's departure in August, 1918, up to December, 1925, amounting to the sum of $74.80.

The second count seeks a recovery of the $74.80, premium paid by defendant since August 1, 1918, on the theory that the facts and circumstances surrounding insured's departure and absence from the State shows that he died before November 1, 1918.

The third count seeks a recovery of the $74.80, premiums paid by plaintiff since August 1, 1918, alleging as grounds therefor that insured died before November, 1918, and that she demanded of defendant the payment of the face of the policy; that defendant refused to pay same but at that time promised and agreed with her that if she would pay all premiums due on the policy for a period of seven years, at the end of that time, if insured had not returned or been heard from defendant would then pay her the face of the policy and return to her all premiums paid by her during said seven-year period; that plaintiff paid said premiums during said seven-year period and than demanded that defendant pay the face of the policy and return to her the premiums so paid but defendant refused so to do.

The answer denies each and every allegation in each count of the petition. Further answering each count of said petition, the answer alleges: (1) that plaintiff did not keep or perform all the conditions of said policy; (2) that plaintiff did not make proof of the alleged death of insured as required by the policy; (3) that the policy had lapsed by reason of non-payment of premiums required thereon; (4) that no liability is imposed upon defendant unless all premiums are paid and due proof of loss made, and (5) that said policy provided that defendant would not be liable if insured was at any time during the life of said policy in military or in naval service of the United States and died in said service; and that at the time of the alleged death of insured, he was in military service or naval service of the United States government and died by reason thereof.

The answer is not verified. The execution of the policy is therefore admitted. There is no controversy over the facts in the case. Alfred Wood, the insured, was a brother of plaintiff and had made his home with her since he was seven years of age. They lived in St. Joseph, Missouri. In August, 1918, insured learned that the government was

advertising for day laborers at the military camps. He was not old enough to enlist as a soldier. He went to Lee Hall, Virginia, and secured employment as a day laborer around the soldier's camp at that place. After he went to the soldier's camp, plaintiff received letters from him regularly once or twice a week up to October 28, 1918. She never heard from him after that date. Letters written to him at Lee Hall, Virginia, were returned unclaimed.

George Anderson, an acquaintance of the insured was at Lee Hall, Virginia, during August, September, and October, 1918, and saw insured there on two different occasions during that time. He saw him the last time about October 15, 1918.

There was an epidemic of "flu" in the soldier's camp in the fall of 1918 and several thousand soldiers died during that time and were buried there. Not being able to hear from her brother, plaintiff concluded he had died, and in November, 1918, so notified defendant and offered to make proof of loss under the policy and demanded payment of the policy which defendant refused. Defendant's superintendent told plaintiff that as there was no positive proof of her brother's death, if she would continue to pay the premiums on the policy for a period of seven years, and at the end of that time, insured had not returned or been heard from, defendant would then pay the face of the policy and return to her the premiums paid by her during the seven-year period.

Plaintiff wrote to the War Department at Washington inquiring about her brother, but the department could give her no information concerning him. She continued to pay the premiums on the policy from the date of insured's departure in 1918 up to December 25, 1925. The premiums so paid amounted to $74.80. At this time she offered to make proof of death and demanded payment of the policy and the return of the premiums paid by her. Defendant denied liability.

Defendant's first contention is that its demurrer to the evidence should have been sustained.

We have a statute in this State (sec. 5396, R. S. 1909) which reads: "If any person who shall have resided in this State go from and do not return to this State for seven successive years, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

This suit was brought on April 5, 1926. More than seven years elapsed from insured's disappearance until the filing of this suit, and while this seven-year period is sufficient to create a presumption of death, it is not a presumption that he died at any particular time during the seven-year period. [Bonslett v. New York Life Insurance Co., 190 S. W. 870, 871.] The time of death, if important, may be established by facts and circumstances inconsistent with insured's abandonment of his home, desertion of his friends and the concealing

of his whereabouts from them. [Bonslett v. Insurance Co., supra; Johnson v. Woodmen of the World, 163 Mo. App. 728, 729.]

The facts are that insured left his home in St. Joseph, Missouri, in August, 1918, and went to Lee Hall, Virginia, to work at a soldier's camp. His folks at home received letters from him regularly once or twice each week up to October, 1918. A friend of his saw him at the soldier's camp on two different occasions—the last time in October, 1918. He has not been seen nor his friends have not heard from him since October, 1918. Letters sent to him at the camp shortly after that time, were returned unclaimed. Thousands of soldiers died of "flu" in the fall of 1918 and were buried in trenches at the camp.

These facts would justify a finding that insured died about November 1, 1918.

In support of the demurrer to the evidence it is contended that defendant is not liable, because the evidence discloses that if insured is dead, he died in a military camp located at Lee Hall, Virginia, during the time that the United States was at war with Germany and during a "flu" epidemic at the camp.

This contention is based on provisions contained in the policy, to the effect.

(1) . . . the death benefit hereunder shall be incontestible after premiums for two fall years have been paid, except for military and naval service in time of war;

(2) Military or naval service in time of war is a risk not covered by this policy.

War clauses in insurance policies exempting the insured from liability in event of insured's death under circumstances stipulated in such clause, are valid. It is defendant's contention that the "war clause" in the policy in suit exempts defendant from liability because insured's death occurred under circumstances stipulated in the "war clause."

Defendant's contention hinges on a proper interpretation of the "war clauses" in the policy. These clauses read, "except for military and naval service in time of war" and "military and naval service in time of war is not covered by this policy."

Webster defines the word "service" as applied to the military to be, "military or naval duty; performance of the duties of a soldier." It will be noted that the stipulations in the policy does not exempt defendant from liability during the time insured may be *in military or naval service* but makes the policy incontestable *except for military or naval service in time of war*. If, as defined by Webster, the word "service," as applied to the military, means the actual *performance of the duties of a soldier,* the defendant would not be exempt from liability under the policy unless insured's death occurred while he was in the actual performance of the duties of a soldier. The evidence is that insured was not old enough to enlist as a soldier. He was employed as a

day laborer at a military camp in the State of Virginia. He never went to France and there is no evidence that he performed the duties of a soldier in the State of Virginia where the camp was located. If the war clause is open to more than one interpretation, it is our duty to adopt the one most favorable to the insurance. [Reed v. American Insurance Co., 218 S. W. 957, 959.] The correct rule for the interpretation of policies of the character in suit, is well stated in Long v. St. Joseph Life Insurance Co., 248 S. W. 923, and on the authority of that case we rule this contention against appellant.

It is also insisted that no case was made because no proof of loss was made as required by the policy. Defendant's denial of liability waived formal proof of loss. [Liebel v. Metropolitan Insurance Co., 241 S. W. 647.]

The demurrer to the evidence being general, and not leveled at either count of the petition was properly overruled.

It is next insisted that instruction No. 1, given at the request of plaintiff is erroneous. This instruction reads:

"The court instructs the jury that if they find from the evidence either that Alfred Wood died during the months of October or November, 1918, or that the agent of the defendant Company told Edna Williams, named Edna Calvin, in said policy, that if she would pay the premiums upon the policy issued to her upon the life of Alfred Wood over a seven-year period and, if during that time the said Alfred Wood did not appear or was not heard from, that the National Life and Accident Insurance Company, the defendant, would not only pay her the face of the policy, but also the premiums which she paid in over said seven-year period, if they find she did pay in such premiums over said seven-year period, their verdict should be for the plaintiff in the sum of eighty-six dollars and the amount of the premiums so paid in by her, if any."

The only complaint lodged against this instruction is that it ignores the separate causes of action stated in the separate counts of the petition and authorizes a general verdict in favor of plaintiff for the amount named in the policy and the premiums paid by plaintiff during the period of seven years following insured's disappearance.

The substance of the three counts of the petition is heretofore set out. There is no doubt that the petition states separate causes of action. The petition being in three counts, the verdict should have been found on each count. The instruction authorized the jury to return a verdict in one sum for the amount of the policy and the premiums paid by plaintiff, although the recovery for each was asked in separate counts. This was error for which the judgment must be reversed. [Flinton et al. v. Palmer, 177 S. W. 777; Bigelow v. Northern Mo. R. R. Co., 48 Mo. 510; Sturgeon v. St. Louis, K. C. & Northern R. R. Co., 65 Mo. 569; Ownes v. Hannibal & St. Joseph R. R. Co., 58 Mo. 386, 1. c. 394; Maloy v. St. Louis, I. M. & S. Ry. Co., 178 S. W. 224;

Pitts v. Fugate, 41 Mo. 406; State ex rel. Collins et al. v. Dulle, 45 Mo. 269; Clark, Adm.. v. Hannibal & St. Joseph R. R. Co., 36 Mo. 202, 1. c. 215.]

We have passed upon the only point made against the instruction but do not wish to be understood as otherwise approving it as a correct statement of the law. The facts and circumstances in evidence are sufficient to justify a finding that insured died in October or November, 1918. Likewise the jury would have been authorized to infer his death from the statutory presumption which arises on proof of his absence from the State for seven successive years, in which case the date of his death would be October or November, 1925, because there is no presumption of death until the end of the seven-year period.

If he died in 1918, plaintiff would, under the facts shown, be entitled to the return of all premiums thereafter paid, without any contract or promise to return them. If he died in 1925, she might or might not be entitled to the return of the premium paid by her, depending on the proof touching that issue. We cannot presume what the proof in that regard would show in event of a retrial of the case.

Complaint is also made at the instruction under consideration authorized a verdict for the amount of the policy in the sum of $86, when the face of the policy is only $82. As the case must be reversed on other grounds, this error may be obviated in event of a re-trial of the case.

The policy in suit provides, that all agents (which term includes superintendents and assistant superintendents) are not authorized and have no power to make, alter or discharge contracts or to waive forfeitures.

There is no evidence in the record showing that the superintendent of defendant had authority to make a valid contract to return to plaintiff the premiums paid by her after insured's disappearance. The evidence does not show what authority the defendant's superintendant had or what duties he was performing in behalf of defendant.

The alleged oral promise of the agent to return the premiums to plaintiff, is not binding on defendant unless authorized or ratified by it. [Banks v. Cloverleaf Casualty Co., 207 Mo. App. 357, 368, and cases cited.]

Error in plaintiff's instruction No. 1 necessitates a reversal of the judgment. The judgment is, therefore, reversed and cause remanded. *Williams, C.*, concurs.


PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.*, absent.