EXCHANGE FINANCE COMPANY, RESPONDENT, v. MARCY K. BROWN, JR., APPELLANT.*

Kansas City Court of Appeals. February 11, 1929.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2853, p. 878, n. 82; Chattel Mortgages, 11CJ, section 323, p. 617, n. 86.

*Jenkins & Vance* for respondent.

*Marcy K. Brown, Jr., pro se.*

ARNOLD, J.—This is an action in replevin. The plaintiff herein brought a replevin suit against defendant for possession of an automobile. The car was taken by the sheriff under the writ and defendant gave a redelivery bond.

The petition alleged default in the payment of promissory notes secured by chattel mortgage on the replevined property which defaulted notes amounted to $1126.52. The answer was a general denial and special pleas that plaintiff was not the holder or owner of said notes, that there was no default at the commencement of the suit, and that plaintiff was guilty of usury. Trial resulted in a judgment in favor of plaintiff, upholding default in the payment of said notes and finding plaintiff to be entitled to possession of the property; that the property was being unlawfully detained by defendant at the beginning of the action and "that the defendant return to plaintiff the property delivered to defendant, to-wit: One Willys-Knight Sedan, Serial No. 62058, Motor No. 114501, together with all attachments thereto and thereon, or, if plaintiff so elect, that plaintiff recover of the defendant and the Fidelity and Deposit Company of Maryland, surety on the forthcoming bond herein, the value of plaintiff's interest in said property in the sum of twelve hundred forty-one and 65/100 dollars ($1241.65) together with interest thereon from date hereof at the rate of eight per cent per annum, and its costs and charges in this behalf expended, and that it have execution therefor." Motions for a new trial and in arrest were overruled and defendant appealed.

Evidence introduced by plaintiff was to the effect that it purchased the notes and mortgage from the Hemphill-Overland Company on April 15, 1924, paying therefor $1115; that the first and second notes of the series purchased were paid and $50 was paid on the third; that no other payments had been made. The return of the sheriff was introduced and this was all the evidence offered by plaintiff. The value of the car was not proved, and there was no denial under oath of the execution of the written instruments. No proof was introduced outside of the sheriff's return and the giving of a redelivery bond that the defendant was in possession of the car when suit was filed. An instruction in the nature of a demurrer asked:

by defendant was refused and exceptions properly preserved in the motion for a new trial.

The first point made is that the judgment is erroneous because there was no evidence in the record that the property replevined was in the possession of defendant at the time of the institution of the suit. As stated above, a redelivery bond was given. In the case of Carpenter v. Stearns, 32 Mo. App. 132, the plaintiff offered to read in evidence the delivery bond executed by the defendants, but the court sustained an objection. On appeal the court said:

"The very object and purpose of the statute under which this bond was executed is to enable defendants in replevin suits to retain possession of the property until questions of ownership and right to possession can be determined by suit. The defendants, having availed themselves of the benefits of this statute, are estopped from showing or claiming at the trial that the property described in their delivery bond was never in their possession."

We think this disposes of the first point.

It is next contended that judgment was rendered without an proof as to the value of the property. The cases cited by appellant under this point did not turn upon the rights of a mortgagee, and therefore we find them not in point. It was said in Watkins v. Green, 116 Mo. App. 593, in an action for the replevin of personal property where the defendant asserted no special interest in the property until after verdict in his favor, the trial court could not then, on the assertion of a special interest by defendant, enter judgment in his favor. The question was for the jury. And in American Metal Co. v. Daugherty, 204 Mo. 71, l. c. 80, the court said:

" . . . the plaintiff in an action of replevin must prove a general or special property interest in and a right to immediate possession of the goods replevined . . ." [See, also, Baldridge v. Dawson, 39 Mo. App. 527.] Plaintiff was entitled to recover the actual value of its special interest and this was the judgment rendered. We see no error.

It is contended the evidence fails to show plaintiff had the right to immediate and exclusive possession of the property or was the owner of the notes and mortgage in question at the time of the institution of the suit. Point is made that the court erred in refusing to allow defendant to prove that plaintiff did not own the notes sued on, by the introduction of plaintiff's books which defendant insists would tend to show that the notes and chattel mortgage in question were held as collateral security by a bank in Kansas City. The point arose while R. G. LaFite, president of plaintiff corporation, was testifying in behalf of plaintiff. On cross-examination, the following took place:

"Q. . . . you ordinarily took these notes to the bank and used them as collateral? A. Yes, sir.

"Q. And you did in this case? A. I am not sure; we must have.

"Q. With what banks did you do business? A. With a number of banks, the New England National Bank, the Commerce Bank, the City Bank, the Mutual Bank and the Metropolitan Bank.

"Q. Have you any books, does your company keep any books showing the transactions with the banks? A. Yes.

"Q. That is, you would have a record in your possession which shows notes that were put up with other banks—with banks as collateral for your own loans? A. Yes.

"Q. And they would show to what banks these were delivered? A. Yes.

"Q. Can you get that book? A. We can get any book that we have. (Objection.)

"Q. Will you get that book and bring it into this court showing those facts? A. Why it certainly can be done. The thing is this thing has been going on for so long.

"Q. I am not worrying about the length of time or anything like that. A. Believe me I am, this has been going on for almost three years.

"Q. Have you that book? A. I have the books, yes.

"By Mr. Brown: I ask the court to give an opportunity to this man to bring in his books.

"The Court: Oh, you know you made these notes. Why do you want the books?

"Mr. Brown: I know they have this one note of this amount.

"The Court: The objections are sustained and the motion denied.

"Mr. Brown: The defendant excepts to the ruling of the court and offers to prove by the books of the plaintiff that these notes were not owned by the plaintiff at the time the suit was instituted.

"The Court: Did you ask for subpoena duces tecum before you commenced this trial?

"Mr. Brown: I did not. I didn't suppose they would deny the facts."

(The objection was sustained and defendant saved his exceptions.)

The ruling of the court in this matter doubtless was based upon his finding that defendant had failed to exercise due diligence in regard to this evidence. We find there is substantial evidence of record that the notes were owned by plaintiff and were in its possession at the time the suit was instituted. The cause was tried to the court sitting as a jury, and the appellate court in such situation will not disturb the finding and judgment of the trial court if there is any substantial evidence in support thereof.

Defendant admits the execution of the notes and that they were not paid, and argues that plaintiff must recover on its own title which must be proved. While there can be no ground for argument as to this rule, defendant does not strengthen his case thereby. As stated above, there was substantial evidence from which the court sitting as a jury reasonably could find that plaintiff owned the notes and was in possession of them. Defendant cites Weaver v. Lake, 4 S. W. (2d) 834, in support of his position in this respect, but an examination of that opinion shows it has no application here. In that case delivery of a certificate of title was involved and the opinion construes the motor vehicle law with reference to certificates of title. Another case cited is that of Brunke v. Salinger, 8 S. W. (2d) 88. In that case the holding was to the effect that a mortgagee, after condition broken, is entitled to immediate possession of the property. The opinion further states that after condition broken, the title was in the mortgagee; therefore instead of supporting defendant, that case is a ruling in plaintiff's favor.

In his brief and also in his motion for rehearing defendant insists the judgment should not be permitted to stand because there is no proof of the value of the property at the time of the trial, and in support of this contention leans heavily upon section 2085, Revised Statutes 1919. Under a similar statute it was held in the case of Drennon v. Dalincourt, 56 Mo. App. 128, 131:

"The value of the chattels or the amount of the debt was an unimportant matter in this controversy between the mortgagor and the mortgagee."

We are unable to find in this statute or the decisions thereunder any solace for defendant. The cases he cites were for the recovery of specific property not based upon the rights of a mortgagee, and therefore the element of value was required to be shown as a jurisdictional element; but here the value of plaintiff's special interest is sufficiently shown. [Seegall v. Trares, 181 S. W. 1070.] Plaintiff's affidavit of replevin sets out the value of the property which is the amount of plaintiff's special interest, and this was established by evidence.

Defendant argues other points in his brief on rehearing but these have been fully covered in what has been said. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.