Roy Raymond **FAWLEY, Sr.,** Plaintiff-Respondent,

v.

Bob **BAILEY,** d/b/a B & B Motor Company, Defendant-Appellant.

No. 9530.

Missouri Court of Appeals, Springfield District.

July 29, 1974.

Hubert E. Lay, Houston, for plaintiff-respondent.

Darrell Deputy, Jr., Lebanon, for defendant-appellant.

BILLINGS, Judge.

In this court-tried replevin suit the defendant seeks reversal of the judgment entered against him for $3500.00, contending there was no evidence that the property replevined was in defendant's possession. We affirm.

Plaintiff was the original purchaser of a 1971 Ford pick-up truck, as evidenced by a certificate of title issued by the State of Maryland. In May of 1972 plaintiff moved to this state and the following month he loaned the truck to his brother-in-law for a week. The Maryland certificate of title was usually kept with other motor vehicle titles issued to plaintiff in a cookie jar at his residence. On June 11, 1972, plaintiff acquired information that his brother-in-law had absconded with the truck.

William Rook, a notary public and operator of a used car lot in Lebanon, Missouri, testified he purchased the truck on June 21, 1972, from an individual who signed the Maryland certificate of title "Roy Raymond Fawley". At the time the signature was affixed to the title there was no name of buyer inserted in the space provided. Rook said he did not know the person who sold him the truck and did not ask for any identification. Nevertheless, he took the "seller's" acknowledgement in his capacity as notary public. Plaintiff was not the individual who sold him the truck and signed the certificate of title in blank.

Rook said he caused certain repairs to be made to the truck at a local body shop and thereafter sold the truck to a representative [defendant's son] of B&B Motor. According to Rook the space for the buyer's name on the Maryland title was still blank and he never saw the title when anyone's name was inserted as the purchaser.

The Maryland title, with the name B&B Mtr. Co. of Lebanon described as purchaser, was forwarded to the Missouri Department of Revenue with an application by B&B Mtr. Co. ("by Bob Bailey") for the issuance of a Missouri certificate of title for the truck. The defendant's signature on the application was shown as having been notarized on June 22, 1972. Date of purchase by B&B Mtr. Co. of the truck is shown as June 28, 1972. The Missouri certificate of title was issued June 27, 1972, and describes B&B Mtr. Co. as owner of the truck.

Proceeding under Rule 99, V.A.M.R., and Chapter 533, RSMo 1969, V.A.M.S., plaintiff filed this replevin suit against the defendant, posting his bond for double the alleged value [$3500.00] of the truck. Summons and writ of replevin were served and executed on October 5, 1972, and the defendant delivered to the sheriff his delivery bond as provided in Rule 99.04 and § 533.040. In his answer to plaintiff's petition all of the allegations, including plaintiff's ownership, were denied and defendant further averred he was the lawful owner of the truck by reason of his having "purchased the same in good faith from one William Rook who had lawful title to said vehicle which was transferred to this defendant." By reply, plaintiff denied this allegation.

At the trial the defendant offered no evidence except the Missouri certificate of title and stood on his motion for judgment at the conclusion of plaintiff's evidence. The court made a general finding of the issues in favor of the plaintiff and entered judgment against defendant for $3500.00 with interest from October 5, 1972.

We need not here tarry over such matters as (a) an assignment of a certificate of title to a motor vehicle in blank, (b) a notary public's acknowledging an assignment of a motor vehicle title to himself as the purchaser, (c) the insertion of the name of the purchaser on a certificate of title after a seller has assigned the same, (d) the lack of any assignment of the certificate of title from Rook to the defendant, (e) the acknowledgement of defendant's signature on the application for

the Missouri title six days *before* the date shown as the purchase date of the vehicle, or (f) the issuance of the Missouri title one day *before* the stated purchase date. Cases involving (a), (b), (c), and (d) are collected in Comment, *Titles To Used Automobiles In Missouri,* 28 Mo.L.Rev. 121 (1963), and § 301.210, V.A.M.S. (1972). The testimony shows, without denial, that the title to the Ford pick-up truck in the instant case was originally in plaintiff. He formerly had the possession of the truck and a valid certificate of title in keeping with the laws of this state. As this court said in an earlier day on similar facts in Payne v. Strothkamp, 153 S.W.2d 402 (Mo.App.1941), (l.c. 405): "The evidence clearly shows that he [owner] did not assign the certificate as provided by the laws of this state. § 7774, Mo.St.Ann. page 5193 [now § 301.210]. This section, among other things, provides that 'the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership shall be fraudulent and void.' It is not contended in any way that the plaintiff assigned the certificate of ownership. In fact all the evidence shows that he did not. The right to possession depended upon the ownership." The fact that the title to plaintiff's truck was of Maryland origin does not alter the necessity of compliance with § 301.210. Lebcowitz v. Simms, 300 S.W.2d 827 (Mo.App.1957). The statute is applicable to all sales made in Missouri, irrespective of the origin of the certificate of title. The purpose of the statute is aimed to hamper traffic in stolen motor vehicles and to prevent fraud and deceit in the sale of used cars and trucks. Nichols v. Tower Grove Bank, 362 F.Supp. 374 (E.D.Mo.1973); State v. Glenn, 423 S.W. 2d 770 (Mo.1968). Also see: Albright v. Uhlig, 315 S.W.2d 471 (Mo.App.1958).

We agree that replevin is essentially a possessory action. Dieckmann v. Marshall, 457 S.W.2d 242, 244 (Mo.App. 1970); Strothkamp v. St. John's Community Bank, 329 S.W.2d 718, 719 (Mo.1959);

Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d 764, 94 A.L.R. 941 (1934). It is incumbent upon a plaintiff in replevin to plead and prove his right to immediate possession of the property at the time the suit was filed and that the defendant was wrongfully detaining it. Auffenberg v. Hafley, 457 S. W.2d 929, 935 (Mo.App.1970); Citizens Discount and Investment Corp. v. Wood, 435 S.W.2d 717, 722 (Mo.App.1968); Monarch Loan Co. v. Anderson Transmission Service, 361 S.W.2d 328, 331 (Mo.App. 1962). And while proof of title to or ownership of property is not an inherent element of an action in replevin, title or ownership may become involved incidently as it may tend to show right of possession. Strothkamp v. St. John's Community Bank, Inc., supra; Young v. Griesbauer, 183 S. W.2d 917, 919 (Mo.App.1944). Here, the ownership of the pick-up truck was directly put in issue by the pleadings since both plaintiff and defendant claimed title to the truck to show right of possession. As noted in Payne v. Strothkamp, supra, 153 S. W.2d at 405: "The right to possession depended upon the ownership."

We are further cognizant that as a general rule a plaintiff in replevin must prove that the property sought to be replevined was in possession of the defendant at the time the suit was commenced. Sipe v. Groce, 1 S.W.2d 1034 (Mo.App. 1928); Leavel v. Johnston, 209 Mo.App. 197, 209, 232 S.W.2d 1064 (1921); Davis v. Randolph, 3 Mo.App. 454, 457–458 (1877). But this rule is not without exception. " . . . Of course, this issue is not always presented at the trial of the case, for the defendant may admit, or stipulate as to, his possession; *the defendant may be estopped to deny his possession, as by furnishing a bond to retain the property sought* . . . . " (our emphasis) Annot. Replevin—Proof of Possession, 2 A.L.R.2d 1043, 1044 (1948); 77 C.J.S. Replevin § 62 (1952). Or, as stated in 66 Am.Jur.2d, Replevin, § 73 (1973): "One who gives a forthcoming bond in an action of replevin or claim and

delivery is estopped from denying that the property was in his possession at the commencement of the action." Also see Cobbey, Replevin, § 701 at 369 (1900).

In the case at bar the defendant gave a delivery bond, as authorized by rule and statute, which permitted him to retain possession of the truck until questions of ownership and right to possession could be determined by the suit. As was held in Exchange Finance Co. v. Brown, 222 Mo.App. 1113, 14 S.W.2d 683, 684 (1929): "The defendants, having availed themselves of the benefits of this statute [now § 533.040, Rule 99.04], are estopped from showing or claiming at trial that the property described in their delivery bond was never in their possession." Also see: Miller v. Bryden, 34 Mo.App. 602, 608 (1889); Carpenter v. Stearns, 32 Mo.App. 132, 137 (1888). In Schnaider Brewing Co. v. Neiderweiser, 28 Mo.App. 233, 236–237 (1887), the defendants at trial sought to show that the property mentioned in the petition and in defendants' delivery bond was in plaintiff's possession when suit was brought. The court held that absent a showing of fraud or mistake ". . . [D]efendants could not be permitted to contradict, by oral testimony, the sheriff's official return and their own recitals and allegations in the bond given by them." We hold instant defendant's point to be without merit.

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.